## CALLAHAN v. HICKS et al.

### CALLAHAN et ux. v. SAME.

#### (Circuit Court, W. D. Virginia. December 9, 1898.)

1. APPEARANCE—CURING DEFECTIVE PROCESS.
   A plaintiff cannot object to the jurisdiction of a federal court over a cause removed from a state court on the ground that the proceedings for bringing the defendants into the state court were irregular, where the defendants appeared, and, after removing the cause, filed answers.

2. SAME—DOMICILE OF DEFENDANT—WAIVER OF OBJECTIONS.
   The provision of the judiciary act exempting a defendant from being sued in any district other than that of his domicile is for his benefit, and may be waived by him; and, if he makes no objection to the jurisdiction of the court on that ground, the plaintiff cannot, nor is the court ousted of jurisdiction.

3. DISMISSAL—RIGHT OF PLAINTIFF—CROSS BILL.
   A plaintiff is not entitled as a matter of right to dismiss his bill, where defendants have appeared, and by appropriate pleading asked affirmative relief; and such dismissal will not be permitted, where it would be inequitable to defendants.

On Motion to Dismiss.

John H. Dinneen, for plaintiffs.
Julian Meade, for defendants.

PAUL, District Judge. The plaintiffs in these causes move to dismiss the same on the ground that this court is without jurisdiction to entertain these suits. On the 21st of June, 1893, M. M. Callahan, the plaintiff in the first cause, in her own name instituted a chancery suit in the circuit court of Wythe county, Va., against the defendants, Benjamin E. and George E. Hicks, who are spoken of in the pleadings as Hicks Bros., and who will be so designated herein. Hicks Bros. were nonresidents of the state of Virginia, and were proceeded against by an order of publication, under the statute law of Virginia. The object of the suit, as alleged, was to subject a certain tract of land, containing 131 acres, conveyed by the plaintiff and her husband, C. W. Callahan, to

the defendants, to the payment of $4,083.32; being the balance of purchase money due on said land by the defendants to the plaintiff. On petition filed by the defendants in the state court, the cause was removed into this court. After the removal of the cause the defendants filed their answer to the bill, in which they alleged that the plaintiff M. M. Callahan was merely a nominal plaintiff; that the substantial interest in the suit was in her husband, C. W. Callahan; that the bonds on which the suit was based were executed, not to said M. M. Callahan, but to her husband, C. W. Callahan. The answer further alleged that said bonds were procured by fraud; that said C. W. Callahan had induced said defendants to join him in the purchase of a tract of land in Wythe county, Va., in which the defendants were to have an interest of three-fourths, and said Callahan an interest of one-fourth; that said Callahan represented that the land had cost $13,500; that the three-quarters interest of the defendants would cost them $10,126, whereas in truth said Callahan had agreed with one Allen to purchase said land at the price of $10,000. The answer further averred that the defendants, acting on the representations of said C. W. Callahan, had made a cash payment to said Callahan of $4,000, and had paid the first of three bonds which they had executed for the deferred payments, of $2,041.66 each. The defendants asked that their answer be treated as a cross bill; that the said C. W. Callahan be made party defendant thereto; that the deed from said C. W. Callahan and wife to the defendants, and the two remaining bonds, for $2,041.66 each, executed by the defendants for the deferred payments on their supposed three-quarters interest in said land, be declared void; and that the same be annulled and canceled. On this cross bill, process issued against said C. W. Callahan; and the same being returned executed, and no appearance being entered, at the March term, 1894, of this court, a decree was entered canceling and rescinding the deed from said C. W. Callahan and wife to said Benjamin E. and George E. Hicks, and canceling the last two bonds, of $2,041.66 each, for the deferred payments, and further decreeing a recovery by said Hicks Bros. of said C. W. Callahan of the sum of $6,041.66, the amount of purchase money paid to said C. W. Callahan. This cause remained in this condition until the 2d day of March, 1898. On that day said C. W. Callahan and M. M. Callahan, his wife, the plaintiffs in the second cause, filed their bill in this court, praying an injunction against the enforcement of said decree of March term, 1894, in the cause of M. M. Callahan against Hicks Bros., and praying that the same be set aside and annulled on the ground that no process had been served on said C. W. Callahan, requiring him to answer the cross bill filed by Hicks Bros. The bill recites the history of the sale of the land bought of Allen, to the Hicks Bros., the cash payment made by Hicks Bros., their payment of the first bond for the deferred payments, and alleges that said C. W. Callahan was not interested in the suit of M. M. Callahan against Hicks Bros., and that he could not be amenable to any decree entered in that cause. To this bill Hicks Bros. filed their answer, setting up the same defenses they had made to the bill filed against them by M. M. Callahan. On the 15th of March, 1898, the following decrees were entered, without opposition from counsel,—the first being in the handwriting of the attorney for the

plaintiffs, Callahan and wife; the second, in the handwriting of the attorney for Hicks Bros.:

"M. M. Callahan vs. Benjamin E. Hicks and Geo. E. Hicks, and C. W. Callahan and M. M. Callahan vs. Benjamin E. Hicks and Geo. E. Hicks.

### "In Equity.

"It appearing to the court that the parties to these two causes are the same, and that the subject-matters thereof are so intimately related that the interests of justice as well as the rights of the parties require that they should be heard and decided together, it is thereupon, by the United States circuit court in and for the Western district of Virginia, this 15th day of March, 1893, adjudged, ordered, and decreed that these two causes be henceforth heard together, and that all proceedings, orders, and decrees had and taken in either case shall be read and considered as having been taken in the other case."

"M. M. Callahan vs. Geo. E. and B. E. Hicks, and C. W. and M. M. Callahan vs. Geo. E. and B. E. Hicks.

"These two causes came on again to be heard upon the papers heretofore read in said causes, and the answer of G. E. and B. E. Hicks to the bill in said causes of C. W. and M. M. Callahan, which by leave of the court is allowed to be filed therein, and was argued by counsel. On consideration whereof, it appearing to the court that the process to answer the cross bill in said cause of M. M. Callahan vs. said Hicks was not in fact served upon said C. W. Callahan, who is a party to this cause, but upon another man bearing his name, it is ordered that the said decree against C. W. & M. M. Callahan of March 16, 1894, be, and is hereby, annulled and set aside, but without prejudice to the rights and remedies of any party to either of said causes, but leaving them just as they existed before said decree was entered. Upon request of counsel for said parties, it is further ordered that this cause be removed to this court at Danville, to be further proceeded in at that place, and it is ordered that the papers in said two causes be sent to Danville by the clerk of this court."

Counsel for the plaintiffs on this motion to dismiss asserts that the proceedings in the state court in the suit of M. M. Callahan v. Hicks Bros. was irregular, in the proceedings necessary to make Hicks Bros. parties defendant to that suit. Whatever irregularities there may have been in that suit,—and the court finds none,—they were cured by the appearance of Hicks Bros., and filing their petition for removal of the cause into this court, and filing their answer after removal. They were the only parties who could have made such objection. They found none, and the plaintiff M. M. Callahan will not be allowed to make it after having invoked the jurisdiction of the state court.

The main ground on which counsel for Callahan and wife insists that this court is without jurisdiction in the cause in which they are joint plaintiffs is that neither the plaintiffs nor the defendants are citizens of this district; that the plaintiffs being citizens of the state of Maryland, and the defendants citizens of the state of New York, the diverse citizenship necessary to give this court jurisdiction does not exist. This contention is based on that clause of the judiciary act of March 3, 1887, as amended by the act of August 13, 1888, which provides that "no civil suit shall be brought in the circuit courts of the United States against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant." It has been frequently decided by the supreme court that this provision of the statute exempting a defendant from being sued in a district other than that in which he has his domicile may be waived by him, and that, if he wishes to

avail himself of the statutory exemption, he must do so by proper plea or motion. In Ex parte Schollenberger, 96 U. S. 369, the court said:

"The act of congress prescribing a place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

The same doctrine was held in Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37. In Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, the court, in passing on this question, said:

"Without multiplying authorities on this question, it is obvious that the party who in the first instance appears and pleads to the merits waives any right to challenge thereafter the jurisdiction of the court on the ground that the suit has been brought in the wrong district."

Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, was a case in which the plaintiff in the circuit court was a corporation created under the laws of the state of New York, and the defendant a corporation created under the laws of the state of New Jersey. The defendant appeared and submitted itself to the jurisdiction of the court. In that case, as in the case at bar, both parties were nonresidents of the district in which the suit was brought. The supreme court said:

"Nor do we see any reason for a different conclusion as to the subject of waiver when the question arises where neither of the parties are residents of the district from that reached where the defendant only is not such resident."

In the cases before us the defendants, Hicks Bros., have raised no objection to the jurisdiction of this court. They appeared in the state court in the suit of M. M. Callahan against them, and invoked the jurisdiction of this court, by having the cause removed, and filed their answer after removal. When sued in this court by the plaintiffs, C. W. Callahan and wife, they appeared and filed their answer to the plaintiffs' bill, and thus waived the question of jurisdiction, if they had a right to raise it. But the plaintiffs seek to raise the question of jurisdiction, which the defendants have waived; and that, too, after the plaintiffs themselves have invoked the jurisdiction of the court, have without objection allowed the defendants to file their answer to the plaintiffs' bill, and after the decrees above of March 15, 1898, had been entered at a former term. The plaintiffs, C. W. Callahan and wife, having brought their suit in this court, and the defendants appearing, and by their answer waiving all objections that they might have taken to the plaintiffs' right to sue in this district, the plaintiffs cannot be heard to raise a question which the defendants alone had a right to raise, and which they waived by filing their answer to the merits.

The contention of the plaintiffs, Callahan and wife, that they have a right to dismiss their suit, and thus compel the defendants, Hicks Bros., in order to assert their claim, to bring a separate suit against the plaintiffs in the state of Maryland, cannot be maintained. The doctrine of the right of a plaintiff to dismiss his bill is thus stated (Fost. Fed. Prac. § 291):

"The plaintiff may dismiss his bill, without costs, at any time before the defendant's appearance. * * * After appearance, and before a decree or de-

cretal order, a plaintiff can usually obtain a dismissal upon payment of the costs of such of the defendants as have appeared, but not if they, or any of them, would be injured thereby. Leave to dismiss may be refused where the defendant claims affirmative relief by cross bill, or by answer in a case where he is entitled to affirmative relief on an answer."

The defendants in their answer claim affirmative relief. To permit the plaintiffs to dismiss their bill, and compel the defendants to bring a suit to establish against the plaintiffs the claim the defendants assert in their answer, would subject them to serious injury, should the plaintiffs rely on the plea of the statute of limitations, or assert some other defense to which they might resort. There would be neither reason nor justice in putting the defendants to a new suit to establish a claim that can be disposed of in the present litigation. Stevens v. The Railroads, 4 Fed. 97. Electrical Accumulator Co. v. Brush Electric Co., 44 Fed. 602; Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 Sup. Ct. 594. In the last case the supreme court quotes from Connor v. Drake, 1 Ohio St. 170, as follows:

"The propriety of permitting a complainant to dismiss his bill is a matter within the sound discretion of the court, which discretion is to be exercised with reference to the rights of both parties,—as well the defendants as the complainants. After a defendant has been put to trouble in making his defense, if, in the progress of the case, rights have been manifested that he is entitled to claim, and which are valuable to him, it would be unjust to deprive him of them merely because the complainant might come to the conclusion that it would be for his interests to dismiss his bill. Such a mode of proceeding would be trifling with the court, as well as with the rights of defendants."

The authorities cited thoroughly sustain the defendants in their objection to a dismissal of these causes, and the motion to do so will be overruled.