JOHNSON et al. v. MILLER et al.

(Circuit Court of Appeals, Fourth Circuit. August 26, 1899.)

No. 276.

INSOLVENT CORPORATIONS—CREDITORS' SUITS—RIGHT TO DISMISS.

After a court of equity has assumed charge of the affairs of a corporation on a creditors' bill alleging insolvency, and at the instance of the complainant and with the consent of the defendant has appointed a receiver, issued an injunction restraining creditors from pursuing other remedies, and required them to prove their claims therein, which many of them have done, such creditors have an interest in the suit, and the parties to the record no longer have the right, by agreement between themselves, to terminate it. Under such circumstances, an application to dismiss is ad-

dressed to the discretion of the court, which, in acting upon it, will take into consideration the interest of those who, by its own orders, have been brought into the litigation.

**Appeal from the Circuit Court of the United States for the Western District of Virginia.**

This case comes up on appeal from the circuit court of the United States for the Western district of Virginia, sitting in equity. The record is voluminous, but the matter in controversy is in a very narrow compass. The facts bearing upon it are these: The Southern Building & Loan Association is a corporation of the state of Tennessee, doing business not only in that state, but in several other states of the Union, among them the state of Virginia. On January 20, 1897, Linda H. Johnson, a citizen of the state of Indiana, in behalf of herself and all other stockholders and creditors of the corporation, filed in the circuit court of the United States for the Eastern district of Tennessee a creditors' bill, making the corporation a party defendant, alleging its insolvency, and praying the appointment of a receiver. A temporary receiver was thereupon appointed, and the usual rule to show cause was issued. On the 27th of January of the same year she filed a similar bill in the circuit court of the United States for the Western district of Virginia, alleging the insolvency of the corporation, the possession by it of assets within that district, praying the appointment of a receiver within that jurisdiction, and also asking for the aid of an injunction. Process was duly issued upon the filing of this bill, and served on J. R. Miller, the agent and attorney in fact of the defendant corporation. He had been appointed, among other things, for this purpose, under the requirements of section 1104 of the Code of Virginia. The circuit court, upon the filing of this bill, appointed a temporary receiver, granted the prayer for injunction, and issued the ordinary rule to show cause. The circuit court of the United States for the Eastern district of Tennessee, upon the return of the rule to show cause issued by it, became satisfied that the corporation was not insolvent, revoked the appointment of the temporary receiver, and dissolved the injunction. Thereupon, on April 16, 1897, the chancery court of Knox county, Tenn., upon a full hearing of bill, answer, affidavits, and exhibits in a creditors' bill, wherein J. T. Barrow and wife were complainants and this same corporation defendant, adjudged the corporation to be insolvent, and appointed D. A. Carpenter and John W. Conner permanent receivers. On July 5, 1897, Linda H. Johnson filed an amended and supplemental bill against the defendant in the circuit court for the Western district of Virginia, enlarging upon and adding to the allegations of her original bill, and stating the facts above narrated as to the proceedings in Tennessee. On July 5, 1897, the Southern Building & Loan Association filed its answer to the original, amended, and supplemental bills. In this answer it admitted the principal facts alleged by complainant; among other things, this: "Respondent is content to admit that, in the present condition of affairs, it will be necessary for this honorable court to appoint receivers to take charge of the assets of respondent in the state of Virginia, and collect the same, and under proper directions of this honorable court to transmit the same to the chancery court of Knox county, Tennessee, there to be distributed among the stockholders of respondent." At the July term of the court at Abingdon, the court, after a full hearing, granted the prayer for a permanent receiver; named as such J. R. Miller, who had been theretofore appointed temporary receiver; named a commissioner before whom all creditors of the defendant corporation were to present their claims, after notice published in two newspapers within the district; and continued the injunction against all creditors and stockholders of the corporation, forbidding them from intermeddling with the property of the corporation, and also forbidding its officers and agents from interfering with, or disposing of, its said property. The receiver gave the bond required of him. The commissioner published his notice as directed, and proceeded to secure proof of, and to report upon, many claims presented to him. On the same day upon which the original bill of Linda H. Johnson was filed in the circuit court for the Western district of Virginia, Mrs. Virginia M. Campbell filed a creditors' bill against this same corporation in the chancery court of the city of Richmond, Va., alleging its insolvency, and praying the appointment of a receiver, and

on that day the said chancery court at Richmond appointed the Virginia Trust Company such receiver. This receiver duly qualified. On the same day, also, Charles Watson filed a creditors' bill against the same corporation in the hustings court of the city of Petersburg, Va., praying the appointment of a receiver, and that court appointed Alexander Hamilton such receiver. Each of these receivers began to discharge the duties devolving upon them. On March 24, 1898, the chancery court of Knoxville, Tenn., in the cause of Barrow and wife against the Southern Building & Loan Association, instructed its receivers, Carpenter and Conner, to apply to the chancery court at Richmond, Va., praying that they be appointed by this last-named court co-receivers with the Virginia Trust Company. This application was accordingly made, and such proceedings had therein that the chancery court at Richmond named as its receivers, with the Virginia Trust Company, the said Carpenter and Conner, and also Alexander Hamilton, whom the hustings court at Petersburg had selected. Thus the assets of the insolvent corporation lying within the jurisdiction of the circuit court of the United States for the Western district of Virginia are in course of administration in that district. As large a portion of the assets as could be reached by the chancery court of Richmond are being administered in that court, and the chancery court at Knoxville, Tenn., is co-operating with the court at Richmond. On March 31st Linda H. Johnson, J. T. Barrow and wife, and the Southern Building & Loan Association filed their petition in the main cause in the circuit court of the United States for the Western district of Virginia, out of which grows the appeal in this case. This petition, at great length, sets out the proceedings in the courts of Tennessee, in the chancery court at Richmond, Va., and in the hustings court of Petersburg, and in the main cause in the circuit court of the United States in the Western district of Virginia, and the confusion which must arise from the variety of jurisdictions of this litigation; that the parties to this litigation had come together, and had entered into an agreement, "the object and purpose of which was and is to avoid further litigation, to provide for a speedy settlement of pending disputes, and to avoid unnecessary delay and expenses in collecting and realizing the assets of this association in the interest of its stockholders." A copy of this agreement is filed among the many exhibits to the petition. The prayer of the petition is that the court enter a decree in pursuance of said agreement, and that it allow a motion for the dissolution of the injunction heretofore made by this court to be entered, and to dissolve said injunction, and that it instruct the receiver and the commissioner of this court to take no further steps in reference to the notes, bonds, and mortgages of borrowers from said association residing within the state of Virginia; that it pronounce such further decree as will properly protect the interests of stockholders in said association, for the purpose of collecting and covering into the registry of this court the proceeds from the sales of real estate within the jurisdiction of this court, and, after payment of the expenses in this court, the residue be transmitted to Knoxville, Tenn., for general distribution. This petition having been presented to the court, counsel were heard thereon. The court refused to grant the prayer, and dismissed the petition. Thereupon an appeal was allowed and taken to this court. The errors assigned are the refusal to dissolve the injunction, the refusal to modify former decrees and orders of the court, refusal to grant the prayer of the petition, and the dismissal of the petition. Inasmuch as the injunction had been granted upon the application of Linda H. Johnson, one of the petitioners, and the receiver had been appointed in accordance with her request, to all of which the Southern Building & Loan Association, another of the petitioners, had formally assented, and as all of the orders and decrees were passed either on her motion or without any objection on her part and on that of the corporation, and as no fraud, collusion, or improper action has been suggested, or ever been suspected, on the part of Mrs. Linda H. Johnson or the association in obtaining this injunction or the passage of these orders or decrees, Barrow and wife cannot now come in as parties to this litigation, and seek to oppose and nullify these orders. Forbes v. Railroad Co., 2 Woods, 334, Fed. Cas. No. 4,926. It is manifest, therefore, that the real ground of exception is that the circuit court did not reverse its action, stay all further proceedings, and practically end the suit in that court upon the request of the parties to the record

as complainant and defendant, sustained by Barrow and wife, the litigants at the home of the defendant corporation.

S. S. P. Patteson, W. P. McRae, and Willis B. Smith (Webb & McClung, on the brief), for appellants.

J. E. Moore, J. H. Larew, and Charles V. Meredith (Moore & Addison and Meredith & Cocke, on the brief), for appellees.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

SIMONTON, Circuit Judge (after stating the facts as above). We are not called upon to express any opinion as to the expediency of the purpose of the petitioners. However desirable may be the end they have in view, we can only inquire as to the errors committed by the court below. The prayer of the petition was addressed largely to the discretion of the court. It was in the position to know how the litigation was affecting the rights of all parties interested in it, and to decide how the grant of the prayer of the petition would affect these rights. Linda H. Johnson had filed a creditors' bill. She was acting, not only in her own behalf, but she was asking that others should come in. Every one of the orders and decrees was passed either on her motion or with her acquiescence. She persevered in her applications to the circuit court of the Western district of Virginia, after the proceedings in the federal court in Tennessee, the chancery court in the same state, and in the two state courts in the state of Virginia; and in all this the Southern Building & Loan Association was a party, fully concurring. At their instance, the court below assumed the administration of the affairs of this insolvent corporation within its jurisdiction. The receiver was appointed, and gave his bond, assuming all his duties. The commissioner was named, who called in the creditors, naming time and place. Creditors came in, their claims were presented, and are under adjudication. The parties originally on the record have lost their control of the case. Others, at their instance, have been invited or forced to come in, and these are vitally interested in the administration which the court is exercising. When, therefore, these original parties to the record now come in and ask the court to reverse or modify its orders, to dissolve its injunction, to stay its hand, stop here, and surrender its administration of the rights involved in the cause, they are not the only parties whose wishes must be consulted. The stockholders and creditors who have been called into that court, and who have been forbidden to go elsewhere, must be consulted. As they are in no way represented in this petition, the court, at the least, must be convinced that it is for their interest, as well as that of the petitioners, that the prayer of the petition be granted. The record does not inform us on that point. The court below, however, was in possession of the whole case. It had knowledge of the number and character of the claims presented under its order, and of the condition of the litigation therein. It was the duty of the court to exercise its discretion in this matter, and, if it were of the opinion that the rights of any other party would be prejudiced by granting the prayer of the

petition, it could properly reject it; especially so as these parties are not before the court on their own motion, but in obedience to its process, as they have been prevented by its order from seeking relief elsewhere, and have been compelled to be where they are. The court below did exercise its discretion, and dismissed the petition, notwithstanding the wish of the parties to the record and their attorneys. We are of the opinion that in this case the court below has committed no error. The principle upon which the court acted is stated in Daniell, Ch. Prac. (5th Am. Ed.) p. 794: "After a decree has been made of such a kind that other persons besides the parties on record are interested in the prosecution of it, neither the plaintiff nor defendant, on the consent of the other, can obtain an order for the dismissal of the bill." This is cited and approved by the supreme court of the United States in Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 713, 3 Sup. Ct. 594.

The decree appealed from is affirmed.