SMALL v. PETERS et al.

(Circuit Court, W. D. Michigan, S. D.    October 22, 1900.)

EQUITY—EFFECT OF VOLUNTARY DISMISSAL—CROSS BILL FOR AFFIRMATIVE RELIEF.

Where a cross bill sets up new matter founded upon the same transaction, not by way of defense, but as ground for affirmative relief,—as where, in a suit for the specific enforcement of a contract, the defendant, by a cross bill, alleges facts which would entitle him to a rescission of the contract, and the retention and enforcement of a lien upon property in his hands, for which he prays,—a voluntary dismissal of the original bill does not carry with it the cross bill.

In Equity.    On motion by complainant for leave to dismiss his bill.

J. F. Hilscher and John S. Cooper (George Clapperton, of counsel), for complainant.

Knappen & Kleinhans, for defendants.

SEVERENS, Circuit Judge.    The bill in this case was filed for the purpose of obtaining the specific performance of a contract alleged to have been made between complainant and defendant Richard G. Peters, whereby in consideration of the transfer by complainant to that defendant of certain securities, amounting in par value to the sum of $37,000, the said Peters agreed to convey to the complainant 37,000 acres of timbered lands in the state of Alabama, and also agreed to loan to the complainant the sum of $10,000, for which a note was to be given, and of this sum said complainant was to draw such partial amounts at various times as he should require.    A deed for the lands was to be executed by Peters, and deposited with a bank named in the agreement, to be retained by said bank until the money loan should be fully paid.    The bill alleges further that the note was given, and the $10,000 received upon the loan, in accordance with the contract, but that the title to several thousand acres of the land turned out to be not in Peters, and that, as to some thousand acres besides, his title was defective.    It is charged that the defendant, therefore, was unable to make a good title to the part of the land contracted to be conveyed.    Specific performance of the agreement was prayed for that part of the lands, the title to which was not defective; that complainant's note might be decreed to be delivered up and canceled, or that an account should be taken for the purpose of ascertaining to what part of the land Peters had not a merchantable title,

104 F.—26

and that, as to so much thereof, Peters should be decreed to pay the complainant the value, estimated at $1 per acre; and that the amount be deducted from the promissory note,—the balance thereof to be paid to complainant. To this bill Peters filed an answer admitting the contract, but denying that he had not a good, merchantable title to any part of the lands. The answer then proceeds to state that the contract was entered into on defendant's part in consequence of fraud and deceit of complainant in representing to Peters that the securities were of full face value, amounting to the sum of $37,000, and that the obligors in these securities were solvent and responsible, and that the interest thereon had been kept paid, and divers other facts and circumstances in support of his general allegations of falsehood and deceit; that Peters relied upon the truth of these representations, which turned out to be wholly false; and that the securities were, with the exception of the smaller one, amounting to about $5,000, wholly worthless. With this answer the defendant Peters filed a cross bill against complainant and certain other parties, citizens of other states than that of Peters, setting up substantially the affirmative matter stated in his answer. It should be further stated that in the answer and cross bill it was averred that the complainant had taken possession of the lands, or some parts thereof, and had sold off the timber standing thereon. Other matters are averred and alleged in the answer and cross bill, which need not, for the purposes of this motion, be detailed. The cross bill prayed that the contract might be decreed to be rescinded, and the defendants therein should be decreed to have no interest or claim in the lands; that the defendant in the cross bill, Small, should be decreed to pay the complainant the amount of the $10,000 loan and certain other items; that complainant should be decreed to have a lien upon the securities in his hands to the amount of the loan; and that they might be sold for the purpose of satisfying such lien if the amount found due the complainant should not be paid.

Upon the filing of the answer and cross bill the complainant made this motion for leave to dismiss his bill upon payment of costs, and upon argument it has been contended that the effect of the entry of such an order as prayed would be to dismiss the cross bill also. It is therefore inferred that the object of the motion is to dispose of the suit altogether. It may be that the complainant is entitled to have such an order as he asks, but it is doubtful whether the complainant would ask for the order, except upon the understanding that the cross bill would also be dismissed, and that this would bring the whole of the litigation between the parties to an end. It is undoubtedly the general rule that the complainant may dismiss his bill, upon payment of costs, at any time before the defendant has obtained any right, by the decree or some order of the court, or otherwise, of which it would be inequitable to deprive him, and, in case the defendant has filed a cross bill which brings forward new matter merely defensive in its character, the complainant still has the right to an order 'dismissing his cross bill upon payment of the costs; the other circumstances being as above stated. But where the cross bill alleges new matter as a distinct ground for relief, and is founded upon the same transac-

tion, in respect of which he is entitled to affirmative relief, the rule is otherwise. In that state of the case the complainant in the cross bill, upon the filing thereof, may have the right in that suit to proceed and obtain the relief to which he may be entitled. The right of the original complainant to dismiss the suit altogether turns upon this distinction, which seems to be quite well settled by the authorities. Lowenstein v. Glidewell, 5 Dill. 325, Fed. Cas. No. 8,575, per Caldwell, J.; Markell v. Kasson (C. C.) 31 Fed. 104, per Brewer, J.; Jesup v. Railroad Co. (C. C.) 43 Fed. 483, per Harlan, J.; City of Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569, per Judges Taft and Swan. And it seems to be the logical sequence of the decision in Holgate v. Eaton, 116 U. S. 33, 6 Sup. Ct. 224, 29 L. Ed. 538. In Dawson v. Amey, 40 N. J. Eq. 494, 4 Atl. 442, it was held that the complainant might have leave to dismiss his bill, but that the cross bill would be retained; citing 2 Daniell, Ch. Pl. & Prac. (5th Ed.) p. 1553, note 3. See, also, Worrell v. Wade's Heirs, 17 Iowa, 96; Story, Eq. Pl. § 399, where it is said:

"Thus the dismissal of the original bill carries with it the cross bill when the latter seeks relief by way of defense; but it is otherwise, and relief may still be given upon the cross bill, where affirmative relief is sought thereby as to collateral matters properly presented in connection with the matters alleged in the bill."

In 5 Enc. Pl. & Prac. p. 663, after stating the general rule giving complainant the right to dismiss, it is said:

"But when the cross bill sets up additional facts relating to the subject-matter, not alleged in the original bill, and asks affirmative relief against complainant in a matter which is the subject of the original bill in the case thus made, the dismissal of the original bill does not dispose of the cross bill, and the latter remains for disposition as if it had been filed as an original bill."

And a greater number of decisions are there cited in support of that proposition. Among them is the case of Wickliffe v. Clay, 1 Dana, 585, where it was held that:

"Where the complainant seeks for specific performance of a contract, and defendant by the cross bill asks a cancellation thereof, the voluntary dismissal of the original bill does not carry with it the cross bill."

The above-cited case of City of Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569, was a case decided in this circuit. A motion was there made for leave to dismiss the bill. The defendant company had filed a cross bill alleging facts wherein it claimed the right to affirmative relief. The motion to dismiss was denied, and Judge Taft, in delivering the opinion of the court, rested the decision not so much upon the distinction above stated, apparently, as upon the fact that under the circumstances of the case the defendant would be prejudiced if it could not proceed in that case for the relief prayed by its cross bill, in that the uncertainty of its position respecting certain franchises granted to it by the city put to hazard its operations thereunder. In the present case the nature of the property involved is such that there should be an early determination of the rights of the parties therein, and it is probably a fair matter for consideration that the dismissal of the cross bill would compel the complainant therein to go to a distinct jurisdiction for

the purpose of obtaining a judicial determination of his rights. The property upon which he seeks to fasten a lien is now in his hands. The complainant in the original bill is a citizen and resident of the state of Minnesota. The cross complainant has lawfully obtained the right to file his cross bill, and it is easy to see that he would be prejudiced if the right to prosecute it is denied. But I do not think it is necessary to rest the present decision of the court upon these peculiar considerations. It is sufficient to rest the decision upon the ground previously stated. The complainant places much reliance upon the language employed by Mr. Justice Wood in the case of Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081, where, in delivering the opinion of the court, at page 713, 109 U. S., page 601, 3 Sup. Ct., and page 1085, 27 L. Ed., he says:

"It may be conceded that, when an original bill is dismissed before final hearing, a cross bill filed by a defendant falls with it. It may also be conceded that as a general rule the complainant in an original bill has the right at any time, upon payment of costs, to dismiss his bill. But this latter rule is subject to a distinct and well-settled exception, viz. that after the decree, whether final or interlocutory, has been made by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant."

But it would seem that the concession there made was rather for the sake of the argument than as a positive determination, and at all events it is in no wise inconsistent with what was said that other exceptions than that stated would take the case out of the general rule. I do not, therefore, think that the present decision is at all in conflict with what was held in the case referred to. Assuming as I must that the complainant does not seek an order dismissing his bill, but leaving the cross bill standing, the motion will be denied.