EBNER et al. v. ZIMMERLY.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 796.

1. DISMISSAL WITHOUT PREJUDICE—DISCRETION OF COURT.

The propriety of permitting a plaintiff to dismiss his bill without prejudice is a matter within the discretion of the court, which discretion is to be exercised with reference to the rights of both parties.

2. SAME—APPEAL—ABSENCE OF EVIDENCE.

Alaska Code Civ. Proc. § 378, provides that where it is determined that plaintiff is entitled to no part of the relief demanded, on account of a failure of proof, the dismissal of his action may be without prejudice. *Held*, that where an action was so dismissed without prejudice for a failure of proof, and on appeal none of the evidence was contained in the record, the circuit court of appeals could not say that the dismissal without prejudice was an abuse of the court's discretion.

Appeal from the District Court of the United States for the District of Alaska.

Robt. A. Friedrich, R. W. Jennings, and T. J. Donohoe, for appellants.

J. F. Maloney, W. E. Crews, and Maloney & Cobb, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. The complainant, in her bill of complaint, alleged, among other things, that she was the owner of 22,333 shares of the capital stock of the Windham Bay Gold Mining Company, a corporation; that she delivered the said shares of stock to William M. Ebner, one of the defendants herein, with the request that he should sell the same in the Eastern markets; that Ebner sold the stock for about the sum of $13,000; that of said sum there was paid into the treasury of the corporation the sum of $10,000, without consideration; that certain false representations were made to her by Ebner, whereby she was induced to accept from him the sum of $1,000 for said stock. The prayer is for judgment for the full amount realized by Ebner for the sale of the stock, less the sum of $1,000. In the answer of Ebner it is alleged that one A. S. Lovett was the authorized agent of the plaintiff to sell said stock; that Lovett sold the stock to him for $1,000. The answer of the corporation denies the allegations of the complaint. The case was tried upon these issues. The court, although the suit was considered to be in equity, in the nature of an accounting, at the request of plaintiff called a jury, and submitted certain questions for determination,—among others, the following:

"(6) Did the said Arthur S. Lovett sell the said stock in controversy to the said William M. Ebner? If yea, when, and for what price? Answer. Yes; Oct. 31, 1898, for one thousand ($1,000) dollars. (7) If you answer that said stock was sold by said Lovett to said Ebner, has the purchase price therefor been paid, and, if yea, when and to whom? Answer. Yes; one-half to A. S. Lovett, October 31, 1898, and the remaining one-half to Mrs. A. S. Lovett, on April 4, 1899."

The findings of the jury were filed May 15, 1901. The defendants moved the court to make and enter its findings and conclusions of law in accordance with the findings of the jury, and to enter a decree dismissing the bill. This motion was denied by the court. But the court, at the request of defendants, did make certain specific findings, —among others, as follows:

"The court finds that the evidence in the case, all considered, does not establish the fact that Anna L. Zimmerly on the 31st of October, 1898, transferred and delivered said stock to the defendant William M. Ebner for a consideration of one thousand dollars, or any other consideration; * * * that the evidence, taken as a whole, is insufficient to establish the fact that William M. Ebner became the owner of the stock in question on the 31st day of October, 1898, or at any other time."

On May 21, 1901, the plaintiff moved to dismiss the suit without prejudice to a new action. This motion was also denied by the court. On May 28th the court considered the motion of the plaintiff, previously made, to set aside the findings of the jury, and the court being of opinion—

"That the findings of the said jury are not sustained by the weight of the evidence," and that "the matters set forth and stated in the plaintiff's com-

plaint are not supported by sufficient evidence, and that there is a failure of proof in that behalf on the part of the plaintiff, it is therefore ordered, adjudged, and decreed that the plaintiff's said bill of complaint be, and is, dismissed; that the plaintiff pay all the costs of said action, and that the defendant may have execution against the said plaintiff for his costs in this behalf expended; that the said complaint is dismissed without prejudice, and plaintiff may bring a new action in this behalf if she so elect."

No part of the evidence submitted to the jury is contained in the record. There is but one assignment of error. It reads as follows:

"The court erred in its decree of dismissal in so much and in so far only as said decree was for a dismissal 'without prejudice.' This suit was heard on complaint, answer, reply, and evidence, and the addition to the decree of permission to bring another suit was error."

The propriety of permitting a plaintiff to dismiss his bill is a matter within the discretion of the court, which discretion is to be exercised with reference to the rights of both parties. Under the English chancery practice in equity cases, the rule was not to allow the plaintiff, after a decree was rendered establishing the rights of the defendant, to dismiss his bill without the consent of the defendant. But the plaintiff had the right to dismiss his bill if the defendant was left in the same position as he would have stood if the suit had not been instituted. Daniell, Ch. Prac. 793; Cooper v. Lewis, 2 Phil. Ch. 181. This general rule is referred to with approval in Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081, and a large number of authorities, both English and American, are there cited. This general rule is again discussed in Pullman's Palace Car Co. v. Central Transp. Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 43 L. Ed. 108, wherein the Pullman Company, complainant in the original suit, insisted that it had the right to dismiss the suit at its own costs before any decree was obtained therein, and the court said:

"Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant."

After referring to Chicago & A. R. Co. v. Union Rolling Mill Co., supra, and other authorities, the court said:

"From these cases we gather that there must be some plain, legal prejudice to defendant, to authorize a denial of the motion to discontinue. Such prejudice must be other than the mere prospect of future litigation, rendered possible by the discontinuance. If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application. Stevens v. The Railroads (C. C.) 4 Fed. 97, 105. Unless there is an obvious violation of a fundamental rule of a court of equity, or an abuse of discretion of the court, the decision of a motion for leave to discontinue will not be reviewed here."

In the present case the court acted under the provisions of section 378 of the Alaska Code of Civil Procedure, which reads as follows:

"Whenever upon the trial it is determined that the plaintiff is not entitled to the relief claimed, or any part thereof, a judgment shall be given dismissing the action, and such judgment shall have the effect to bar another action for the same cause or any part thereof, unless such determination be on

account of a failure of proof on the part of the plaintiff, in which case the court may, on motion of such plaintiff, give such judgment without prejudice to another action by the plaintiff for the same cause or any ·part thereof." 31 Stat. 396.

This section is taken from the Oregon Code (section 403). Under its provisions the question at issue here is left to the sound discretion of the court in all cases like the present, where there is "a failure of proof on the part of the plaintiff," and in such cases this court will not review the discretion of the court unless it clearly appears that it has been abused. As no evidence submitted at the trial is contained in the record, it cannot be claimed that the court abused its discretion in the premises.

The decree of the district court is affirmed, with costs.