## THE BAINBRIDGE.

(Circuit Court of Appeals, Ninth Circuit.   October 7, 1912.)

No. 2,112.

1. SEAMEN (§ 26*)—SUIT FOR WAGES—EVIDENCE.

In a suit in rem against a gasoline launch to recover wages, brought a year after the vessel had been sold by the corporation which owned her when the services were rendered, of which libelants were stockholders, where the only evidence offered in support of their claims was a statement purporting to have been copied from the company's books, which were not produced, the court properly excluded such statement, and dismissed the libel for lack of competent evidence to support.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 131–156; Dec. Dig. § 26.*]

2. ADMIRALTY (§ 79*)—HEARING—REOPENING CASE FOR FURTHER EVIDENCE.

It is not error to deny an application to reopen a case in admiralty to admit further evidence, where there was no showing that competent evidence would be produced.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 592–594; Dec. Dig. § 79.*]

3. ADMIRALTY (§ 79*)—RIGHT OF LIBELANT TO DISMISS—DISCRETION OF COURT.

The denial by a court of admiralty of a motion by libelants to dismiss without prejudice after a hearing, and the filing of an opinion directing a decree for respondent, held not an abuse of discretion.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 592–594; Dec. Dig. § 79.*]

Appeal from the District Court of the United States, for the Northern Division of the Western District of Washington.

Suit in admiralty by Alex Zugehoer and K. J. Johannson against the gasoline launch Bainbridge; the Inland Navigation Company, claimant.   Decree for respondent, and libelants appeal.   Affirmed.

Million & Houser and Geo. Friend, all of Seattle, Wash., for appellants.

Ira Bronson, of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.   The launch Bainbridge, owned by the Sound Motor Company, a corporation, was operated between Seattle and Kingston during a portion of the year 1907, all of 1908 and 1909, and in 1910 until about the end of March.   In March she was traded for the Columbia.   Thereafter she was purchased by the Inland Navigation Company, the appellee herein.   In February, 1911, the appellants Zugehoer and Johannson, brought a libel against the launch, claiming liens thereon for services.   Zugehoer

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleged that from June 9, 1909, to April 10, 1910, he rendered services on board the launch, at the agreed wages of $90 per month, and thereby earned the sum of $900, no part of which had been paid, except $188. Johannson alleged that from May 10, 1909, to April, 1910, he performed services on said boat at the instance of the owner, for which he was to receive $110 per month, and that he earned $1,100, no part of which had been paid, except $240. The Inland Navigation Company, as claimant and owner, answered, denying knowledge of the matters alleged in the libel. The action was dismissed by the court below for want of competent evidence that any amount of money was owing to either of the libelants.

[1] The appellants urge that it was error to hold that the evidence was not sufficient to establish their claims, and that the court erred in denying their application to take further testimony after the cause was submitted, and they renew that application in this court. The evidence given by the appellants varied materially from the allegations of the libel. Zugehoer testified that his services were rendered as mate and purser between June, 1908, and March, 1910, a period of some 21 months, that he was not paid his full wages in any one month, and that there was still due him about $765, "something like that." Johannson testified that his agreed wages as pilot were $100 a month, instead of $110, as alleged in the libel; that he began working when the boat was built in 1907, and worked on her three months; that in the middle of March, 1908, he again went to work on her, and worked continuously until the last of March, 1910. When asked how much was owing him, he said somewhere about $860, "I think it is. I am not sure without looking at the books."

The appellants had the books of the Sound Motor Company in court; but, instead of offering them in evidence, their proctor produced and offered a statement purporting to be taken from the books. To this the appellee objected, and the court excluded the statement, saying:

"The most that can be claimed is that Exhibit A was made up from the books, and it is therefore but secondary evidence of the contents of unidentified books."

So far it is clear that no error was committed by the court below. The appellants were stockholders of the Sound Motor Company at the time when their services were alleged to have been rendered; Zugehoer owning one-eighth of the stock, and Johannson owning a little more than one-fourth thereof, and occupying the office of treasurer of the corporation. Instead of bringing their libel at the time when the boat was traded for the Columbia, the appellants waited nearly a year, and until after the boat had been sold to the appellee, a corporation which disclaims all knowledge of any lien or claim of lien for wages when it purchased the launch. It behooved the libelants to state clearly and correctly their claims in their libel and thereafter to present to the court def-

inite and competent evidence of the amounts due them. This they failed to do.

[2] But it is urged that the court below erred in denying their application to open the case and produce the books after the decision had been announced. Ordinarily such an application, upon proper showing of inadvertence or mistake, should be allowed; but the affidavits on which the application was based failed to show that competent record evidence could be produced. Zugehoer deposed that the statement which had been submitted to the court, showing the amounts due the libelants, was made up, "in so far as payments were concerned, from the books of the Sound Motor Company, which books were not the books of original record, but were the journal entries of the Sound Motor Company"; that affiant had never been able to find the book of original entries; and that the payments so shown were taken from various and divers checks issued by the company to the libelants. Johannson's affidavit was similar. He deposed that he had not attempted to keep in his head the details of the payments which had been made to him, but that he had always been clear as to the amount owing to him.

It is to be observed that it is not stated in the affidavits that, if the case is reopened, any books of original entry will be offered to the court, or that any books showing the condition of the accounts of the appellants with the Sound Motor Company will be produced, or that there are any such books. All that is to be offered is a book or books containing, not original entries, but entries posted therein, of checks made by the company to the order of the appellants. It is not claimed that that statement of checks so issued and paid covers all payments made, or that the books contain a full statement of the amounts paid. There is no showing that the evidence so sought to be introduced would have been of any value as proof of the account between the libelants and the company. No proper showing was made, therefore, for reopening the case.

[3] On September 7, 1911, after the cause had been submitted on final hearing, the court filed a "memorandum decision on the merits" with the clerk, stating the grounds of decision against the appellants, and closing with the words:

"Let a decree be entered, dismissing the suit, with costs."

On the following day the appellants filed a motion to dismiss without prejudice. The denial of that motion is assigned as error. "Except where the right to a dismissal or nonsuit is absolute, the court is vested with a large discretion, and its action in regard to an application for dismissal or nonsuit will not be disturbed, unless there has been an abuse of such discretion." 14 Cyc. 451. The complainant in a suit in equity has the right to dismiss the suit without prejudice at any time before hearing, on payment of the costs, if the dismissal will deprive the defendant of no right accrued since the suit was commenced, and there is no cross-bill

seeking affirmative relief. Houghton v. Whitin Mach. Wks. (C. C.) 160 Fed. 227; Morton Trust Co. v. Keith (C. C.) 150 Fed. 606; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 Fed. 1015; C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081. In the case last cited, the court said:

"It may also be conceded that as a general rule a complainant in an original bill has the right at any time, upon payment of costs, to dismiss his bill. But this latter rule is subject to a distinct and well-settled exception, namely, that after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant."

The court quoted the rule stated in Daniell's Chancery Practice (5th Am. Ed.) p. 793, as follows:

"After a decree or decretal order, the court will not allow a plaintiff to dismiss his own bill, unless upon consent; for all parties are interested in a decree, and any party may take such steps as he may be advised to have the effect of it."

In Folger v. Robert G. Shaw Co., 2 Woodb. & M. 531, Fed. Cas. No. 4,899, a case in admiralty, it was said:

"The true test seems to be the progress in a case, so that the court have means to decide on the merits. The defendant then has rights, and may well insist on a final judgment to avoid further expense and litigation."

The opinion in that case conceded that even after a case is ready and open for trial, and some pertinent evidence has been offered, so that the merits could be decided, there may be a dismissal without prejudice for sufficient reason presented to the court, such as surprise or unexpected absence either of witnesses or counsel. No such reason, however, was presented in this case, and we find no abuse of discretion in the order of the court below denying the dismissal.

The application to take further testimony in this court, being based wholly on the record in the court below, is denied, and the decree is affirmed.