### YOUNG v. J. SAMUELS & BRO., Inc.

(District Court, D. Rhode Island. April 6, 1916.)

No. 39.

1. EQUITY ☜359—VOLUNTARY DISMISSAL BEFORE HEARING—CONDITIONS.

The right of a complainant to dismiss without prejudice, at least before the case has reached a stage where the court could render a final decree on the merits, is not subject to the imposition of conditions other than the payment of costs.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749–755; Dec. Dig. ☜359.]

2. DEPOSITIONS ☜99—ADMISSIBILITY—DEPOSITIONS TAKEN IN PRIOR SUIT.

A party is protected under the general rules of evidence in the right to use depositions taken in a former case between the same parties, where the testimony would not otherwise be procurable; but the rele-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vancy of such testimony must be determined in the case in which it is offered.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 288–296; Dec. Dig. ☞99.]

In Equity. Suit by Samuel D. Young, trustee, against J. Samuels & Bro., Incorporated. On motion by complainant to discontinue. Granted.

Nathan Heard and Maurice M. Moore, both of Boston, Mass., for plaintiff.

Gifford & Bull, of New York City, for defendant.

BROWN, District Judge. [1] Upon the plaintiff's motion to discontinue his bill without prejudice on payment of costs, defendant contends that the motion should be granted only upon condition that plaintiff should stipulate that depositions of 13 witnesses taken by defendant may be used by the defendant in subsequent suits. He relies upon the following decisions from the Second circuit: Brush v. Condit (C. C.) 20 Fed. 826; American Zylonite Co. v. Celluloid Mfg. Co. (C. C.) 32 Fed. 809; American Steel & Wire Co. v. Mayer (C. C.) 123 Fed. 204.

The decisions in the First circuit, however, are to the contrary: Morton Trust Co. v. Keith (C. C.) 150 Fed. 606; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 Fed. 1015. In both of these cases the proofs had been completed. See also Houghton v. Whitin Machine Works (C. C.) 160 Fed. 227, and Tower v. Stimpson (C. C.) 175 Fed. 130, cases in the First circuit, and Connecticut & P. R. Co. v. Hendee (C. C.) 27 Fed. 678, in the Second circuit.

It may be questioned, however, whether the broad statement of the right of a plaintiff to discontinue, even after the proofs are closed and all the material is ready for a judgment on the merits, can be justified on principle. So broad a right to discontinue may enable a plaintiff to avoid a decision against him, when he has found that, upon the proofs taken and completed as required by the rules of court, a decision against him upon the merits is inevitable if the case proceeds. This, it seems to me, may work a substantial prejudice to a defendant, and amount to a substantial deprivation of his right to end the matter in the tribunal before which the plaintiff has brought him.

This is something more than subjecting him to the annoyance of subsequent litigation; it is a deprivation of his right to the fruits of the labor and expense which he has already been to in following the course prescribed by law and by the rules of court. In many cases this involves a very great expenditure of time and money, and any rule which ignores this seems unjust to a defendant.

In Folger v. Robert G. Shaw Co., Fed. Cas. No. 4,899, a case in the First circuit which deserves careful consideration, Justice Woodbury said:

"I have assumed as the guiding principle, it being the only one conceivable by me, that the precise stage in which the discontinuance should be allowed without a judgment on the merits, and as a matter of right if claimed by the prosecuting party, is any progress in the cause which has not yet furnished means to the court for a correct final decision. * * *

"Each party should have somewhat similar rights in respect to such a

subject; and the great inquiry is: When the plaintiff must be compelled to stop to exercise this power, as a right of withdrawing, without being barred from bringing another action? That is the precise question here: When that stage must be considered as reached? The rules of practice do not seem to be entirely uniform on this point, and have become more rigid in modern times than anciently. But I apprehend that the principle which must govern it is that before indicated, and which is that this act must be done at some period before the merits can be ascertained for a final judgment, or the plaintiff is not entitled to do it as a right. * * *

"Now it does not seem to me to be consistent with principle that a case, standing here with pleadings completed, evidence taken, and all things ready for argument and final decision, should, undecided on the merits, be abandoned by the payment of costs, without the consent of the defendant, when, after so much expense and delay, he asks a final judgment upon the merits. In such case the merits are likewise susceptible of being ascertained and settled, which is not the situation of things before pleadings are finished and evidence put in. In my view, then, a defendant, under such facts and in such a stage of the cause, has a right to object to a dismissal of the cause, or a discontinuance, unless by the judgment of the court on the merits, or perhaps a leave granted by it for a discontinuance for strong reasons."

The present case, however, so far as has been made to appear, has not reached the point where the material is present for a judgment on the merits; therefore, even under the narrower rules as stated by Justice Woodbury, the plaintiff may yet discontinue as matter of right.

In the modern English practice the subject of discontinuance appears to be governed by Order XXVI of "The Rules of the Supreme Court, 1883," as a complete code. See "Yearly Practice of the Supreme Court for 1912," Mackenzie & Chitty, pp. 322 et seq., 324. Under that order the right to discontinue is much restricted, and express provision is made for imposing terms as to any other action. Upon page 324 the following note appears:

"When the plaintiff in a patent action discovered after reply, in consequence of objection delivered by defendant, that he could not succeed without correcting his specification, leave to discontinue was refused, except upon the terms that the plaintiff paid all the costs and would not bring any fresh action in respect of any infringement alleged in the existing action." Robertson v. Purdey, [1906] 2 Ch. 615.

It seems to be desirable that the practice in the United States courts should be regulated by a definite rule analogous to Order XXVI, and that express provision should be made approving a practice such as is said to be the practice in the Second circuit. At present, however, I am of the opinion that, according to the practice established in the First circuit, and according to the weight of authority, the plaintiff's right to discontinue at the present stage of the case is not subject to the imposition of conditions other than the payment of costs.

[2] It does not follow that defendant will thereby be deprived in subsequent litigation of all benefit of depositions that have been taken and filed in the cause, and which, under equity rule 55 (198 Fed. xxxiii, 115 C. C. A. xxxiii), are "deemed published." The general rules of evidence as to the use of depositions taken in former causes between the same parties and their privies afford protection against the loss of testimony not procurable in subsequent litigation. Dover v. Greenwood (C. C.) 154 Fed. 854, Id. (C. C.) 177 Fed. 946, affirmed in Greenwood v. Dover, 194 Fed. 91, 94, 114 C. C. A. 169, as to questions

of evidence, though reversed on other points; West v. Louisiana, 194 U. S. 258, 24 Sup. Ct. 650, 48 L. Ed. 965.

While this may obviate the objection urged against dismissal, that the defendant may not again be able to procure his witnesses, it may not altogether relieve him from the hardship of retaking his testimony. Against unjust, vexatious, or unconscionable renewals of a suit once dropped, a defendant may ask protection in a subsequent litigation; and it seems probable that a plaintiff, seeking relief from a court of equity, may be subject to the imposition of conditions which will protect the defendant from being unduly and unnecessarily burdened.

The draft decree presented by the defendant presents a novel aspect of the question. The present suit is upon the Smith patent, No. 1,099,-132; a subsequent suit has been brought upon the Vanderveld patent, No. 1,157,651, issued after the filing of the bill in the present case. The request is that a condition be imposed permitting the use in the later suit upon the Vanderveld patent of the depositions taken in this suit in respect to the Smith patent. An affidavit is presented to show that these patents are related as generic and specific, and that the same evidence is applicable to each.

Even were it proper to impose conditions upon the discontinuance, it would be impractical now to go into the question of the relevancy of the testimony already taken to the issues of another case. The relevancy of former testimony must be determined in the case in which it is offered.

Plaintiff's counsel has made a comprehensive collection of the authorities, and it may be useful to make reference to them in this opinion: Veazie v. Wadleigh, 11 Pet. 55, 9 L. Ed. 630; Chicago & Alton R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; Pullman Co. v. Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569, 573; Electric Accumulator Co. v. Brush Electric Co. (C. C.) 44 Fed. 602; Hat-Sweat Mfg. Co. v. Waring (C. C.) 46 Fed. 87; Hershberger v. Blewett (C. C.) 55 Fed. 170; Callahan v. Hicks (C. C.) 90 Fed. 539; Small v. Peters (C. C.) 104 Fed. 401; McCabe v. Southern Ry. Co. (C. C.) 107 Fed. 213; Georgia Pine Turpentine Co. v. Bilfinger (C. C.) 129 Fed. 131; Gilmore v. Bort (C. C.) 134 Fed. 658; United States v. Reese (C. C.) 166 Fed. 347; Johnson v. Miller, 96 Fed. 271, 37 C. C. A. 471 (C. C. A. 4, 1889); Ebner v. Zimmerly, 118 Fed. 818, 55 C. C. A. 430 (C. C. A. 9, 1902); The Bainbridge, 199 Fed. 404, 118 C. C. A. 88 (C. C. A. 9, 1912); Harding v. Corn Products Refining Co., 168 Fed. 658, 94 C. C. A. 144 (C. C. A. 7). Other cases in the First circuit are Garner v. Second National Bank, 67 Fed. 833, 16 C. C. A. 86; Gregory v. Pike, 67 Fed. 837, 15 C. C. A. 33; American Bell Telephone Co. v. Western Union, 69 Fed. 666, 16 C. C. A. 367, reversing (C. C.) 50 Fed. 662; Fenno v. Primrose et al., 119 Fed. 801, 56 C. C. A. 313; United States v. United Shoe Mchry. Co. (D. C.) 198 Fed. 873.

The plaintiff's draft decree, which is in the usual form dismissing the bill without prejudice, and with costs taxed against the plaintiff, may be entered.