### SMITH v. MULLER et al.

(Circuit Court, D. Delaware. August 13, 1896.)

COURTS—JURISDICTION IN PATENT CASES—APPEALS FROM COMMISSIONER'S DECISION—SUIT IN EQUITY—INTERFERENCE CASES.

The act creating the court of appeals for the District of Columbia (27 Stat. 434) provided, in section 9, that the new court should be vested with the jurisdiction, previously possessed by the supreme court of the district, to determine appeals from the commissioner of patents, and, in addition thereto, to hear appeals in interference cases. Before this act appeals were allowed only in cases in which the commissioner had finally rejected an ex parte application, and not in interference cases. *Held*, that this act placed the two kinds of cases on an equality, and that thereafter the defeated party in an interference case could not maintain a suit in equity to revise the commissioner's decision, under Rev. St. § 4915, until he had first taken an appeal to the court of appeals of the District.

This suit was brought, under the provisions of Rev. St. § 4915, by Sydney Smith against Marie Muller and Thomas H. Savery, to revise the decision of the commissioner of patents in an interference case.

Hugh C. Brown and Geo. S. Boutwell, for complainant.

Howell S. England and Philipp, Munson & Phelps, for respondents.

WALES, District Judge. This suit is brought under the provisions of section 4915, Rev. St. The plaintiff claims to be the first inventor of a process for lining wood-pulp digesters, and filed his application for a patent March 7, 1889. On April 26, 1890, Hermann Brungger, claiming to be the original inventor of the same or a similar process, filed three applications for patents. On April 14, 1891, an interference was declared by the commissioner of patents. After testimony had been taken and a hearing had before the examiner of interferences, the claim of Brungger was sustained. On appeal to the board of examiners in chief, the decision in favor of Brungger was affirmed, and, on further appeal to the commissioner of patents, was approved, priority of invention being awarded to Brungger, and on October 4, 1892, letters patent were issued to Ferdinand Salomon, assignee of Brungger, numbered, respectively, 483,826, 483,827, 483,828. A motion for a rehearing, filed by the plaintiff within the time allowed by law, was denied by the commissioner on February 8, 1893. The plaintiff's bill, from which the foregoing statement of facts is taken, was filed January 24, 1895. Marie Muller is alleged to be the owner of the patents, and Thomas H. Savery is her authorized agent.

The defendants, by their counsel, have demurred to the bill on several grounds: (1) The bill does not aver that the plaintiff is the owner of the application said to have been filed by him in the patent office on March 7, 1889. (2) The bill does not state that the plaintiff was the original, first, and sole inventor of the invention described and claimed by him. (3) The bill does not state that the said invention had not been in public use for more than two years prior to the filing of the application. (4) The bill does not state that the plaintiff had appealed to the court of appeals of the district of Columbia from the decision of the commissioner of patents. (5) The bill was not filed within the period limited therefor by statute. (6) The bill does not set out or contain the application alleged to have been filed in the patent office by the plaintiff on March 7, 1889, together with all the actions or proceedings thereon. (7) That the testimony taken by the plaintiff, and the exhibit filed by him in said interference, and referred to in said bill as filed therewith, have not been filed therewith. Objection is also made to the jurisdiction of the court, which, together with the fourth and fifth causes of demurrer, should more properly have been made by way of pleas in bar; but, as no exception was taken by plaintiff's counsel at the hearing, the objections may as well be considered in their present form as in any other.

This is a statutory proceeding, and is not subject to the strict rules of equity pleading. Jurisdiction is expressly given to the court to decide the question of priority of invention between the parties to the interference case, provided they or their assignees are properly before the court. The facts set forth in the bill and in the exhibits therein referred to, if true, would entitle the plaintiff to a decree in his favor if he was, at the time of filing his bill, entitled to avail himself of the remedy provided by section 4915; and whether or not he was so entitled is the only serious question raised by

the demurrer. The other grounds of demurrer are either purely technical or are untenable in fact. The plaintiff sues as the original applicant for the patent, and the certified copy of his application shows that he had complied with all the preliminary requirements of the patent law which gave him the right to be heard by the commissioner. His case went through the patent office in the regular manner, and was fully considered by the proper officers of that department. It was not necessary for him to file with his bill copies of the testimony taken in the interference proceedings. That could be done hereafter, and new testimony produced in addition, if the case should come to a hearing in this court. As the law stood on the 8th of February, 1893, when the commissioner of patents denied the plaintiff's motion for a rehearing,—which, it is claimed, was the final action of the commissioner,—a defeated applicant for a patent, except he was a party to an interference case, had the right of appeal to the supreme court of the District of Columbia (section 4911, Rev. St.); and if he was unsuccessful in that court he had a further remedy by an original bill in equity in any court having jurisdiction of the same, according to the provisions of section 4915. The sections referred to read as follows:

"Section 4911. If such party, except a party to an interference, is dissatisfied with the decision of the commissioner, he may appeal to the supreme court of the District of Columbia, sitting in banc."

"Section 4915. Whenever a patent on application is refused, either by the commissioner of patents or by the supreme court of the District of Columbia, upon appeal from the commissioner, the applicant may have remedy by bill in equity."

The patent laws thus recognized two classes of cases: (1) Interference cases, in which the action of the commissioner was final, and from which no appeal could be taken; and (2) ex parte applications for patents, in which the defeated party could appeal to the supreme court of the District of Columbia. A party belonging to the first class, if dissatisfied with the commissioner's decision, could at once file his bill in equity, as in an original suit, to determine the question of priority of invention. Technically this was not an appeal, but substantially it was. A party of the second class, however, could not avail himself of the remedy afforded by a bill in equity until he had first appealed from the commissioner's decision to the supreme court of the District of Columbia. In other words, he must have exhausted all the previous remedies before he could try the experiment of the last one. Kirk v. Commissioner, 37 O. G. 451; Butler v. Shaw, 21 Fed. 321–326. Such was the law and the construction given to its provisions down to April 3, 1893, when the act establishing a court of appeals for the District of Columbia went into effect. 27 Stat. 434. By section 9 of this act it is provided:

"That the determination of appeals from the decision of the commissioner of patents, now vested in the general term of the supreme court of the District of Columbia * * * shall hereafter be and the same is hereby vested in the court of appeals created by this act; and, in addition, any party aggrieved by a decision of the commissioner of patents in any interference case may appeal therefrom to the said court of appeals."

Under the operation of the last-mentioned act, the words, "except a party to an interference," are eliminated from section 4911, and all distinction between interference cases and ex parte applications for patents, so far as it relates to the remedy by appeal, is removed. The decision of the commissioner is no longer final in either class of cases, and now any applicant for a patent, in any case, who is dissatisfied by the rejection of his application, may appeal. It was held in Kirk v. Commissioner, supra, that an applicant for a patent in an ex parte case was not entitled to redress by a bill in equity until he had exhausted the remedy by appeal as provided in section 4911, and it is urged on behalf of the demurrants that the same rule of construction applies to the law as now amended or altered, and that the plaintiff cannot prosecute his suit in this court until he has first appealed to the court of appeals of the District of Columbia, and exhausted his remedy there. This construction of the law appears to be reasonable. But it may be urged that, as the plaintiff had the right to file his bill in equity, before the remedy of appeal was given to him, he cannot now be deprived of that right by the retrospective operation of the law upon decisions of the commissioner of patents which had been made before its passage. It has long been settled that laws which affect the remedy only, and do not impair the obligation of contracts, or disturb vested rights, are not within the constitutional prohibition, which, it has been held, does not apply to such remedial statutes as change the time for bringing an action, take away one remedy and establish another, or enlarge or restrict the mode of redress for legal wrongs. Statutes of limitation afford a familiar illustration of this principle. 1 Kent, Comm. 455–465; Converse v. Burrows, 2 Minn. 229 (Gil. 191). The plaintiff will not be deprived of any constitutional right by postponing the time for bringing his suit in this court until after the determination of his appeal in the circuit court of appeals of the District of Columbia, whose decision might render any further proceedings unnecessary.

In view of this conclusion, it is needless to consider the other questions presented in the brief of the defendant's counsel, to none of which, however, was any reply made on the part of the plaintiff. It is ordered that the demurrer be sustained.