McKNIGHT v. METAL VOLATILIZATION CO. et al.

(Circuit Court, E. D. Pennsylvania. January 28, 1904.)

No. 41.

1. PATENTS—REMEDY IN EQUITY FOR REFUSAL—AMENDMENT OF STATUTE.

Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], gave an applicant for a patent a remedy by bill in equity in a Circuit Court whenever his application had been refused by the Commissioner of Patents in interference cases, or by the Supreme Court of the District of Columbia in ex parte cases; their decisions being final, so far as the Patent Office was concerned, in such cases respectively. Act Feb. 9, 1893, c. 74, 27 Stat. 434, creating the Court of Appeals for the District of Columbia, transferred the appellate jurisdiction in patent cases to such court, and also provided for an appeal thereto from the decision of the commissioner in interference cases, repealing all acts and parts of acts inconsistent therewith. *Held*, that such act did not repeal section 4915 so far as related to the remedy in equity in interference cases, its only effect being to require the applicant to exhaust his remedy in the direct proceedings by an appeal from the decision of the commissioner before being entitled to proceed in equity.

2. SAME—JURISDICTION.

An applicant for a patent, against whom adverse decisions have been rendered in interference proceedings by the examiners and Commissioner

of the Patent Office and by the Court of Appeals of the District of Columbia on appeal, whose decision governs the further proceedings in the case in the Patent Office, may maintain a bill in equity in a Circuit Court without waiting for the formal action of the Patent Office refusing his application.

In Equity. Suit to compel issuance of patent. On plea to jurisdiction.

Joshua Pusey, for complainant.
A. B. Stoughton, for respondents.

J. B. McPHERSON, District Judge. Before the 3d day of April, 1893, upon which date Act Feb. 9, 1893, c. 74, 27 Stat. 434, 2 Supp. Rev. St. 78, creating a Court of Appeals for the District of Columbia, took effect, the practice concerning appeals in the Patent Office was regulated by sections 4909 to 4914, inclusive, of the Revised Statutes [U. S. Comp. St. 1901, pp. 3390–3392]. These sections are as follows:

"Sec. 4909. Every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the primary examiner, or of the examiner in charge of interferences in such case, to the board of examiners-in-chief; having once paid the fee for such appeal.

"Sec. 4910. If such party is dissatisfied with the decision of the examiners-in-chief, he may, on payment of the fee prescribed, appeal to the commissioner in person.

"Sec. 4911. If such party, except a party to an interference, is dissatisfied with the decision of the commissioner, he may appeal to the Supreme Court of the District of Columbia, sitting in banc.

"Sec. 4912. When an appeal is taken to the Supreme Court of the District of Columbia, the appellant shall give notice thereof to the commissioner, and file in the Patent Office within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing.

"Sec. 4913. The court shall, before hearing such appeal, give notice to the commissioner of the time and place of the hearing, and on receiving such notice the commissioner shall give notice of such time and place, in such manner as the court may prescribe, to all parties who appear to be interested therein. The party appealing shall lay before the court certified copies of all the original papers and evidence in the case, and the commissioner shall furnish the court with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal. And at the request of any party interested, or of the court, the commissioner and the examiners may be examined under oath, in explanation of the principles of the thing for which a patent is demanded.

"Sec. 4914. The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence produced before the commissioner, at such early and convenient time as the court may appoint; and the revision shall be confined to the points set forth in the reasons of appeal. After hearing the case the court shall return to the commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case. But no opinion or decision of the court in any such case shall preclude any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question."

An examination of these sections discloses that in the case of every application for a patent, whether the question of interference arose or not, an appeal lay from the decision of the primary examiner, or of the examiner in charge of interferences, to the board of examiners in chief, and from this board to the Commissioner of Patents himself. At this

point the right of appeal ceased in the case of a disputed interference (Butler v. Shaw [C. C.] 21 Fed. 321); but the applicant for a patent in an ex parte case, if dissatisfied with the decision of the commissioner, might appeal to the Supreme Court of the District of Columbia sitting in banc. That court was required to hear the case anew, but was confined to the evidence produced before the commissioner, and had no power to take additional testimony. The decision of the court was to govern the further proceedings in the case. It is apparent, therefore, that section 4915 [U. S. Comp. St. 1901, p. 3392], which declares that, "whenever a patent on application is refused, either by the Commissioner of Patents, or by the Supreme Court of the District of Columbia upon appeal from the commissioner, the applicant may have remedy by bill in equity," etc., must be construed in the light of the preceding sections, and must be understood to refer to a refusal by the commissioner in cases of interference, and to a refusal by the Supreme Court of the District of Columbia in cases belonging to the other class. It was distinctly decided by the Supreme Court of the District of Columbia that the remedy by bill in equity in the Circuit Court could not be appealed to in ex parte cases until the applicant had exhausted the remedies given to him by the sections already referred to.

"After these respective remedies have been exhausted, the patent law, in its supreme indulgence to the claims of inventors, by section 4915 of the Revised Statutes, allows a further proceeding by way of bill in equity." Kirk v. Commissioner, 37 O. G. 451.

An appeal to the Supreme Court of the District in any other case than a case of interference was therefore compulsory, if it was desired to resort to the equity jurisdiction of the Circuit Court. As the commissioner himself was the highest court of appeal in disputes about interference, his refusal referred to in section 4915 must of necessity mean a refusal in interference cases, and in those alone.

The act of 1893, which repealed all acts and parts of acts inconsistent therewith, made two changes in the practice. It established a Court of Appeals for the District of Columbia, and by section 9 transferred to that court "the determination of appeals from the decision of the Commissioner of Patents now vested in the general term of the Supreme Court of the District of Columbia." This, of course, could only refer to appeals in ex parte cases, for the right to appeal from the decision of the commissioner in interference cases did not yet exist; but the same section immediately went on to remedy this defect, if defect it was, by providing, "And in addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case may appeal therefrom to said Court of Appeals." The effect of this section, therefore, upon sections 4911 to 4914, inclusive, was to substitute the Court of Appeals for the Supreme Court of the District, wherever the Supreme Court had been referred to, and to add the right of appeal to the newly created court in cases of interference. Its effect upon section 4915 was to substitute the Court of Appeals for the Supreme Court of the District, and practically to strike out the words "either by the Commissioner of Patents," for his decision was now no longer final even in interference cases, and there was apparently no reason why the rule of Kirk v. Commissioner should not be held to apply to such cases also, and to compel

the applicant to exhaust his new remedy as well as the old. It was so decided not long afterward by Judge Wales, of this circuit, in Smith v. Muller (C. C.) 75 Fed. 612, and in accordance with these two decisions it is settled that every applicant in either class of cases who may be dissatisfied with the decision of the commissioner is obliged to pursue his remedy in the court of the District of Columbia. If he is successful there, he will have no occasion to invoke the remedy by bill in equity in a Circuit Court, but, if the Court of Appeals decides against him, he is then entitled to bring his action in the appropriate circuit under section 4915. It seems to me that there is no difficulty about this construction, and that the very capable argument of the defendants' counsel to the effect that the act of 1893 has repealed section 4915 so far as to take away the remedy in equity in cases of interference cannot be allowed to prevail. The point has been expressly decided against the repeal in Bernardin v. Northall (C. C.) 77 Fed. 852, and I shall not attempt to add anything to Judge Baker's satisfactory opinion in that case. I see no irreconcilable conflict between the two statutes, and, indeed, upon the construction suggested there is not even an apparent conflict.

The facts of the present controversy are briefly these: An interference was declared in the Patent Office between the complainant and two other persons, who afterwards assigned their interest to the Metal Volatilization Company; and this dispute was decided against the complainant by the acting examiner in charge of interferences by the board of examiners in chief, by the Commissioner of Patents, and by the Court of Appeals for the District of Columbia. No further step has been taken by the Patent Office, and the remaining question raised by the plea is whether this court has any jurisdiction of the pending bill in view of the fact that the complainant's application has not yet been formally refused, and that a patent has not yet been actually granted to the defendant company. The complainant's position is that the proceedings thus far taken are, in effect, a refusal of the patent, and it seems to me that this position is correct. It can hardly be supposed that, after the question has been four times examined and four times decided against the complainant, a change of opinion in the Patent Office is likely to take place. Moreover, since the decision of the Court of Appeals is to govern the further proceedings in the case, as provided by section 4914, no change of opinion in the Patent Office could affect the decree of the court, and it has not been suggested that any application has been made to that tribunal for a hearing. I think, therefore, it would be sticking in the bark to insist upon the formality of a refusal, which has in essence been already made, for this would simply mean that the complainant must begin over again after a few superfluous words have been entered upon the records of the Patent Office.

The plea to the jurisdiction is overruled, and the defendants are directed to answer the bill within 20 days from this date.