### PRINDLE v. BROWN et al.

(Circuit Court, D. Massachusetts. March 29, 1905.)

No. 2,024.

1. PATENTS—BILL TO OBTAIN PATENT—ALLEGATION OF INVENTION.

A bill filed under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], by an unsuccessful applicant for a patent, to obtain an adjudication of his right to such patent, which alleges his application on a certain date, and, in general terms, that he made the invention prior to such date, but which also shows that an application for a patent for the same invention had been previously made by another, without explanation of the apparent contradiction, is demurrable, since the date of the application must be taken by the court as the date of complainant's invention.

2. SAME—RIGHT TO MAINTAIN SUIT—FAILURE TO APPEAL FROM COMMISSIONER.

An applicant for a patent, who failed to appeal from the adverse decision of the Commissioner to the Court of Appeals for the District of Columbia, as provided by Act Feb. 9, 1893, c. 74, 27 Stat. 434 [U. S. Comp. St. 1901, p. 3391], cannot maintain a suit to obtain a patent under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392].

In Equity. On demurrers to bill and cross-bill.

Philip Mauro, Charles J. Williamson, Edwin J. Prindle, and Chas. E. Haywood, for Prindle.

Emery, Booth & Powell, for Trufant.

William Quinby, for Brown and Miller.

LOWELL, District Judge. This was a bill in equity brought under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392]. It set out that before June 6, 1900, Prindle was the original and first inventor of a certain improvement in lasts, more fully described in an application filed by him June 6, 1900; that Trufant disclosed the invention to Miller; that Miller disclosed it to Brown, and that on May 28, 1900, Brown, wrongfully alleging himself to be the inventor, filed an application covering Prindle's invention as described in Prindle's application; that on September 27, 1899, Trufant filed an application for the invention, which application became abandoned for want of prosecution; that neither Trufant's knowledge, nor his application, nor his disclosure to Brown prior to Prindle's application, nor Brown's application prior to Prindle's, entitles Trufant, Brown, or Miller to a patent as against Prindle, and that none of these things impair Prindle's right to a patent; that after Trufant's application was abandoned the Commissioner of Patents declared an interference between the claims of Prindle and Brown; that on August 1, 1901, Trufant filed a second application; that an interference was redeclared between Prindle, Brown, and Trufant; that the issues were found in favor of Prindle; that, on appeal to

the board of examiners in chief, priority was awarded to Brown; that the Commissioner affirmed the decision of the examiners in chief; and that the Court of Appeals for the District of Columbia affirmed the decision of the Commissioner. Prindle thereupon prayed for a decree adjudging him entitled to the patent. To this bill Miller and Brown demurred generally, and more specifically because the bill did not allege that Prindle had any conception or knowledge of the invention before Brown's application was filed.

The allegation in the bill of the date of Prindle's invention must be taken to state its reduction to practice by an application to the Patent Office as of June 6, 1900, and there is no allegation of invention by Prindle at an earlier date. But on May 28th, a week before Prindle's invention as set out in the bill, the bill alleges an application filed for the same invention by Brown. That Brown may not have been himself the true and original inventor is immaterial. The bill shows that some person other than Prindle reduced Prindle's invention to practice before Prindle, though it does not show whether that person was Brown, Trufant, Miller, or some one else. Suppose the bill had alleged categorically invention by a stranger prior to the invention of Prindle. In the absence of possible explanatory allegations, no patent could issue to Prindle, though the bill somewhere alleged that he was the first inventor. Christie v. Seybold, 55 Fed. 69, 78, 5 C. C. A. 33.

Counsel for Prindle contended that an allegation of prior application by the defendant does not necessarily contradict an allegation of first invention by the plaintiff, but a bill which alleges invention by the complainant on a given date, and an earlier application for the same invention, without explanation of the apparent contradiction, is demurrable. Without explanatory allegations, the court is not required to determine if, by some extraordinary combination of circumstances, possibly imaginable, the allegations which apparently deny the complainant's right can be reconciled with it. The demurrer is sustained, and the bill dismissed, with costs.

Trufant, a defendant in the bill originally filed, filed a cross-bill against Prindle, Brown, and Miller, praying that the patent might be issued to him. Brown and Miller have demurred upon the ground that Trufant failed to prosecute an appeal from the Commissioner of Patents to the Court of Appeals in the District of Columbia, and therefore cannot avail himself of the remedy given by Rev. St. § 4915 [3 U. S. Comp. St. 1901, p. 3392], as affected by the act of February 9, 1893, c. 74, 27 Stat. 434 [3 U. S. Comp. St. 1901, p. 3391]. Trufant's counsel contended that proceedings might be begun in this court after the decision of the Commissioner of Patents, without going first to the Court of Appeals for the District of Columbia. The contrary was decided in Smith v. Muller (C. C.) 75 Fed. 612, and McKnight v. Metal Volatilization Co. (C. C.) 128 Fed. 51. I prefer to follow these decisions. The demurrer to the cross-bill is therefore sustained, and that bill also is dismissed, with costs.