### BERNARDIN v. NORTHALL et aL

#### (Circuit Court, D. Indiana. January 5, 1897.)

#### No. 9,358.

**1. FEDERAL COURTS—JURISDICTION—APPEALS IN PATENT INTERFERENCES.**

The fact that an appeal has been given from the commissioner of patents, in interference cases, to the court of appeals for the District of Columbia (Act Feb. 9, 1893), does not take away the jurisdiction of the circuit courts, under Rev. St. § 4915, to entertain a bill in equity by the defeated contestant, to determine his right to a patent. This right may be exercised after the court of appeals has made its decision, and the commissioner has obeyed its mandate.

**2. SAME—CITIZENSHIP.**

In suits under Rev. St. § 4915, to determine the right to a patent, the circuit courts have jurisdiction, without regard to the citizenship of the parties.

This was a bill in equity, under Rev. St. § 4915, by Alfred L. Bernardin against William H. Northall and John S. Seymour, commissioner of patents, to review the decision of the commissioner in an interference case, and determine the complainant's alleged right to a patent for a bottle-sealing device.

Butterworth & Dowell and Gilchrist & De Bruler, for complainant.

Robert H. Parkinson and William H. Gudgel, for defendant Northall.

BAKER, District Judge. This is a suit in equity by the complainant, who alleges that he was the true, original, and sole inventor of a new and useful improvement in bottle-sealing devices, known as the "beaded sealing cap," or "beaded cap," which invention was not known or used by others in this country, and not patented, or described in any printed publication, in this or any foreign country, before his invention or discovery thereof, and which had not been in public use or on sale in the United States for more than two years prior to his application for a patent therefor; that William H. Northall was employed by complainant as his foreman, and that he thereby became acquainted with this invention, and had knowledge of every step taken by complainant to procure a patent therefor, and of his application for such patent, and of the allowance of the same by the commissioner of patents; that, while still in complainant's employ, Northall entered into secret and clandestine correspondence with the Crown Cork & Seal Company of Baltimore, Md., which resulted in Northall, in the interest of said company, applying for a patent for said invention as his own, and in thus getting up an interference with complainant, which resulted in tying up the issuance of the patent which had been already allowed to the complainant. The interference was prosecuted to final hearing in the patent office, and was there disallowed, and the patent ordered to be issued to complainant. From this decision of the commissioner, Northall took an appeal to the court of appeals of the District of Columbia, by which court the decision of the commissioner

77 F.—54

was reversed, and a mandate sent down directing him to issue the patent for said invention to Northall. 7 App. Cas. D. C. 452.

The bill is full and formal in its statement of facts, and must be held sufficient, unless it is bad for the reasons pointed out in Northall's demurrer thereto. The demurrer challenges the sufficiency of the bill for the following reasons: First. The court has no jurisdiction of the cause of action set forth in the bill. Second. There has been an adjudication of the matter here in controversy between the parties in the court of appeals for the District of Columbia; and, this controversy having been adjudicated, it cannot again be litigated in this court. Third. This court has no jurisdiction to hear and determine the question of the jurisdiction of the court of appeals to entertain an appeal from the commissioner of patents. Fourth. That this court has no jurisdiction of the case, because it is shown that Bernardin and Northall are citizens of the same state.

This suit is brought under section 4915 of the Revised Statutes, which, so far as material, reads as follows:

"Whenever a patent on application is refused either by the commissioner of patents, or by the supreme court of the District of Columbia upon appeal from the commissioner, the applicant may have a remedy by bill in equity."

Section 4911 of the Revised Statutes provides:

"If such party, except a party to an interference, is dissatisfied with the decision of the commissioner, he may appeal to the supreme court of the District of Columbia, sitting in banc."

As the law stood prior to the passage of the act to establish a court of appeals for the District of Columbia, approved February 9, 1893, the course of practice and procedure in a patent case was as follows: An inventor was required to file his application for a patent in the patent office, one of the departments or divisions of the interior department, and to prosecute the same to a final hearing and determination before the commissioner of patents; and, if the determination was adverse, such party, except a party to an interference, if dissatisfied, might take an appeal to the supreme court of the District of Columbia sitting in banc, in which court the appeal was heard and determined on the record brought up from the patent office, with the reasons assigned for such appeal. The determination of the supreme court sitting in banc was remitted to the commissioner of patents, who was required to grant or refuse a patent, in accordance with the determination of the supreme court.

An interference case is one in which there are two or more applicants, instead of one, for the same invention or discovery. The parties are the United States and the applicants. In such cases the commissioner of patents decides whether either of the applicants is entitled to a patent, and, having determined that question, he decides which of the applicants is entitled to priority; that is, which was the first to do the several things which entitled him to a patent. No appeal was allowed in interference cases from the decision of the commissioner. Where a patent in an interference case was refused by the commissioner of patents, or in other cases, where

the patent was refused by the supreme court of the District of Columbia sitting in banc, the remedy was by a bill in equity in the circuit court of the United States having cognizance thereof. The purpose of this legislation is apparent. The constitution and laws give a property right in his invention or discovery to an inventor, and it was the manifest legislative intent that such inventor should not be deprived of his property right in his invention until he had had his day in a court in which the party aggrieved by the determination of an executive officer might pursue his remedy judicially, according to the practice of a court of chancery. The hearing and determination in the supreme court of the District of Columbia sitting in banc, while in a court having appellate jurisdiction in cases at law and in equity, was a proceeding in aid of the jurisdiction of the patent office, and consisted simply in reviewing the decision of an executive officer on the identical state of facts before that officer. The determination of that court worked no change in the nature of the proceeding. This is manifest from the fact that if the hearing and determination of the case on appeal to the supreme court for the District of Columbia, sitting in banc, were to be regarded as a hearing and determination of a strictly judicial character, it is hardly to be supposed that, after such judicial hearing and determination, the question of the applicant's right to a patent would be allowed to be heard de novo by a bill in equity in a circuit court. These views are supported by Ex parte Greeley, 6 Fish. Pat. Cas. 575, Fed. Cas. No. 5,745; In re Squire, 3 Ban. & A. 133, Fed. Cas. No. 13,269; Whipple v. Miner, 15 Fed. 117; Butler v. Shaw, 21 Fed. 321; Butterworth v. Hoe, 112 U. S. 60, 5 Sup. Ct. 25; Gandy v. Marble, 122 U. S. 439, 7 Sup. Ct. 1290.

The jurisdiction of this court to hear and determine the present bill is undoubted, unless the act to establish the court of appeals for the District of Columbia has taken it away. It is not claimed that this jurisdiction has been taken away by a direct repeal of the statute which conferred it. The contention is that, prior to the creation of the court of appeals of the District of Columbia, no appeal was allowed from the determination of the commissioner of patents in interference cases; that the sole remedy was by a bill in equity in the circuit court; and that, inasmuch as an appeal is now allowed by the act creating that court, it operates to repeal, by implication, the statute providing for a bill in equity in interference cases. It is also argued that the decision of the court of appeals is final and conclusive, and that the dignity of the court of appeals is such that it would be unfit and indecorous for an inferior court, such as a circuit court of the United States, to re-examine the applicant's right to a patent. It cannot be maintained that the jurisdiction of this court over the present suit is to be determined by a consideration of the relative dignity and importance of the two courts. Questions of jurisdiction can never be thus determined. But, in point of antiquity, the circuit court is the more ancient; in point of jurisdiction, it is more ample; and, in its composition, it has a membership consisting of a justice of the supreme court and a circuit and district judge. But the argument of importance and

dignity is rather invidious than relevant to the determination of the jurisdiction of this court.

It is firmly settled that a later statute will not be construed to repeal an earlier one by implication if it be possible to reconcile them and give effect to both. Repeals by implication are not favored, and, to authorize such a construction of a later statute as to work the repeal of an earlier one, the former must present a case of irreconcilable conflict with the latter. McCool v. Smith, 1 Black, 459; U. S. v. Walker, 22 How. 299; City of Galena v. Amy, 5 Wall. 705; Henderson's Tobacco, 11 Wall. 652; Arthur v. Homer, 96 U. S. 137; Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. 255.

The ninth section of the act to establish the court of appeals for the District of Columbia presents no such case of irreconcilable conflict with section 4915 of the Revised Statutes as to work an implied repeal of the latter. An appeal may be prosecuted to the appellate court without taking away from the circuit court the original jurisdiction conferred upon it. The purpose of the appeal is simply to have a review of the decision of the commissioner of patents on the identical record before the latter officer. It is in no just sense a substitute for the trial provided for by a bill in equity in the circuit court. The decision on the appeal in no respect changes the character of the proceeding. All that the appellate court can do is to affirm or reverse the decision of the commissioner of patents. If a reversal occurs, the appellate court awards a mandate directing what decision shall be entered by the commissioner of patents. But it is the decision of the commissioner of patents, and not that of the appellate court, by virtue of which the patent must finally be granted. The office of an appellate tribunal is to direct an inferior court or officer, from whom an appeal is taken, what decision or judgment shall be entered by such inferior court or officer. The decision or judgment must at last be entered by the inferior court or officer, and it then becomes the decision or judgment of such court or officer, and not the decision or judgment of the appellate tribunal. The order of the appellate tribunal operates upon the court or officer below, by directing what such officer or court shall do; but it is the order of the latter which must dispose of the matter in controversy.

From what has already been said, it must be apparent that the doctrine of res adjudicata, so strongly urged by counsel for defendant, has no application. The appellate court hears and decides an executive or administrative question in aid of the patent office on the record made up in that office, while the circuit court hears the case upon a bill in equity in due course of judicial procedure, not only on the evidence heard by the commissioner of patents and the court of appeals, but upon such additional evidence as either party to the suit may choose to present. The trial before the court of appeals is restricted, and is in aid of an executive duty, rather than a judicial hearing. The trial in the circuit court is in the strictest sense a judicial hearing by original bill, with all the powers of a court of equity at the service of the parties to the suit. The salutary principle that an inventor shall have his day in court, and

a right to a judicial hearing, before being finally barred of his right to a patent, secured by section 4915 of the Revised Statutes, in my opinion, remains unaffected by the act to establish the court of appeals of the District of Columbia.

The contention that this court cannot entertain jurisdiction of the present bill because Bernardin and Northall are both citizens of this state cannot be successfully maintained. The Revised Statutes (sections 629 and 711) give the federal courts exclusive jurisdiction of causes relating to patents. This is the only court that could take cognizance of the present suit, because, being a patent case, no state court could take jurisdiction, and in the federal courts the suit must be brought in the district whereof the plaintiff or defendant is a citizen. Here the demurrant is shown to be a citizen of the district of Indiana, and hence he is properly suable here.

The demurrer to the bill is overruled.