## *In re* HIEN, Petitioner.

### ORIGINAL.

No. 16.   Original.   Argued March 22, 1897. — Decided April 12, 1897.

The Court of Appeals of the District of Columbia was duly authorized by
§ 6 of the act creating the court, as well as by § 6 as amended by the act
of July 30, 1894, to make rules limiting the time of taking appeals to the
court from the decisions of the Commissioner of Patents; and there was
no restriction on this power by reason of Rev. Stat. § 4894.

THE case is stated in the opinion.

*Mr. W. H. Singleton* for petitioner.   *Mr. F. W. Ritter* was
on his brief.

*Mr. W. A. Megrath,* by special leave, opposing.

Mr. Chief Justice Fuller delivered the opinion of the
court.

The Commissioner of Patents, in an interference proceeding
between Philip Hien and one William A. Pungs, awarded
priority of the invention in controversy to Pungs, June 9,
1894. Hien gave notice to the Commissioner, March 12,
1896, of an appeal from his decision, under § 4912 of the
Revised Statutes, to the Court of Appeals for the District
of Columbia, and filed his petition of appeal in that court,

June 2, 1896, which was dismissed on the third day of the following December because the appeal was not taken within the time prescribed by the rules of the court. 24 Wash. Law Rep. 827. December 12, 1896, Hien moved that his appeal be reinstated on the ground that the Court of Appeals had no authority to make the rules in question, which was denied. 25 Wash. Law Rep. 8. Hien then applied to this court for leave to file a petition for a writ of mandamus; leave was granted; the petition filed; and a rule to show cause entered, to which return was duly made.

Section 780 of the Revised Statutes of the District of Columbia, approved June 22, 1874, reads:

"SEC. 780. The Supreme Court, sitting in banc, shall have jurisdiction of and shall hear and determine all appeals from the decisions of the Commissioner of Patents, in accordance with the provisions of sections forty-nine hundred and eleven to section forty-nine hundred and fifteen, inclusive, of chapter one, Title LX, of the Revised Statutes, 'PATENTS, TRADE-MARKS AND COPY-RIGHTS.'"

The sections of the Revised Statutes thus referred to are as follows:

"SEC. 4911. If such party, except a party to an interference, is dissatisfied with the decision of the Commissioner, he may appeal to the Supreme Court of the District of Columbia, sitting in banc.

"SEC. 4912. When an appeal is taken to the Supreme Court of the District of Columbia, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within such time as the Commissioner shall appoint, his reasons of appeal, specifically set forth in writing.

"SEC. 4913. The court shall, before hearing such appeal, give notice to the Commissioner of the time and place of the hearing, and on receiving such notice the Commissioner shall give notice of such time and place in such manner as the court may prescribe, to all parties who appear to be interested therein. The party appealing shall lay before the court certified copies of all the original papers and evidence in the case, and the Commissioner shall furnish the court with the

grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal. And at the request of any party interested, or of the court, the Commissioner and the examiners may be examined under oath, in explanation of the principles of the thing for which a patent is demanded.

"SEC. 4914. The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, upon the evidence produced before the Commissioner, at such early and convenient time as the court may appoint; and the revision shall be confined to the points set forth in the reasons of appeal. After hearing the case the court shall return to the Commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case. But no opinion or decision of the court in any such case shall preclude any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question.

"SEC. 4915. Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

Sections 6 and 9 of the act to establish the Court of Appeals

for the District of Columbia, approved February 9, 1893, c. 74, 27 Stat. 434, provided:

" Sec. 6. That the said Court of Appeals shall establish a term of the court during each and every month in each year excepting the months of July and August, and it shall make such rules and regulations as may be necessary and proper for the transaction of the business to be brought before it, and for the time and method of the entry of appeals and for giving notice of appeals thereto from the Supreme Court of the District of Columbia, and such other rules and regulations as may be necessary and proper in the premises." . . .

" Sec. 9. That the determination of appeals from the decision of the Commissioner of Patents, now vested in the general term of the Supreme Court of the District of Columbia, in pursuance of the provisions of section seven hundred and eighty of the Revised Statutes of the United States, relating to the District of Columbia, shall hereafter be and the same is hereby vested in the Court of Appeals created by this act; and in addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case may appeal therefrom to said Court of Appeals."

By the act of July 30, 1894, c. 172, 28 Stat. 160, section six was amended so as to read as follows:

" Sec. 6. That said Court of Appeals shall establish by rule of court such terms of the court in each year as to it may seem necessary: *Provided, however,* That there shall be at least three terms in each year, and it shall make such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court." . . .

The Court of Appeals, June 5, 1893, promulgated a set of rules, among which were these:

" Rule IX — 1. No order, judgment or decree of the Supreme Court of the District of Columbia, or of any justice thereof, shall be reviewed by the Court of Appeals, unless the appeal shall be taken within twenty days, Sundays excluded, after the order, judgment or decree complained of shall have been made or pronounced."

"Rule XIX — 6. The appeals from the Commissioner of Patents shall be subject to all the rules of this court provided for other cases therein, except where such rules, from the nature of the case, or by reason of special provisions inconsistent therewith, are not applicable."

The Commissioner of Patents issued an order May 16, 1894, that "All Examiners are hereby directed to withhold from issue the application of the prevailing party in interference cases for thirty days from the date of final issue in order that an appeal may be taken to the Court of Appeals of the District of Columbia, if desired." This order was published in the Official Gazette of June 5, 1894. (Off. Gazette, Vol. 67, p. 1195.)

The Court of Appeals promulgated a new set of rules September 29, 1894, of which Rule 20 related to appeals from the Commissioner of Patents, the second subdivision reading thus:

"XX — 2. The appellant, upon complying with the preceding section of this rule, shall file in the case a petition, addressed to the court, in which he shall briefly set forth and show that he has complied with the requirements of sections 4912 and 4913 of the Revised Statutes of the United States, to entitle him to an appeal, and praying that his appeal may be heard upon and for the reasons assigned therefor to the Commissioner; and said appeal shall be taken within forty days from the date of the ruling or order appealed from, and not afterwards."

The order of May 16, 1894, was modified by the Commissioner, April 27, 1896, so as to direct the Examiners to withhold from issue the application of the prevailing party in interference cases for forty-five days from the date of the final decision.

The contention is that the Court of Appeals of the District of Columbia was without authority to promulgate a rule limiting the time of taking appeals from the decisions of the Commissioner of Patents; and that, by analogy, two years were allowed therefor in view of § 4894 of the Revised Statutes.

The general rule undoubtedly is that courts of justice possess the inherent power to make and frame reasonable rules

not conflicting with express statute; but apart from that we think it clear that the Court of Appeals was duly authorized by § 6, of the act creating the court, as well as by § 6, as amended by the act of July 30, 1894, to make rules limiting the time of taking appeals to the court from the decisions of the Commissioner of Patents. Since by § 9 the Court ·of Appeals was vested with authority to review such decisions, we do not think it can properly be held that under the original act the authority in respect of appeals was limited only to appeals from the Supreme Court of the District of Columbia, or to the conduct of appeals after they had come before ·the appellate court.

Of the rules of June 5, 1893, Rule XIX is to be read with Rule IX, as limiting the time of appeals to the court from the decisions of the Commissioner to twenty days, exclusive of Sundays, which time was enlarged to forty days by Rule XX, promulgated September 29, 1894, the rule specifically declaring that such appeals could not be taken after the expiration of the time prescribed.

And if the original act were not so comprehensive as above indicated, the result would be the same under the amendatory act, in respect of the power imparted by which there can be no question. The petitioner complied neither with the rule of June 5, 1893, nor with the rule of September 29, 1894, and if not governed by the former was certainly subject to the latter, for although this was promulgated after the decision of the Commissioner of Patents in the case, the Court of Appeals was quite right in holding that "the right of appeal is not a vested right that may not be altered by statute, or by rule of court made in pursuance of statutory authority to enact such rules."

In compliance with section 4912 of ·the Revised Statutes, Hien gave notice to the Commissioner of Patents, under date of May 12, 1896, of an appeal from his decision to the Court of Appeals, and filed his petition, under the rule, on June 2. These proceedings, if they had been in time, amounted to the taking of an appeal, but as they were not initiated and prosecuted within the time limited, they were ineffectual. We have

no doubt that the Court of Appeals had authority, in regulating the taking of appeals, to limit the time in which the conditions of such taking had to be performed; and that there was no restriction thereon by reason of section 4894 of the Revised Statutes as contended.

That section is as follows:

" SEC. 4894. All applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

This has no relation to the limitation on appeals under section 4911, but has reference solely to the abandonment of an application by failure to prosecute it.

In *Gandy* v. *Marble*, 122 U. S. 432, which was a bill in equity under section 4915 of the Revised Statutes, to obtain an adjudication in favor of the granting of a patent, we held that while such a proceeding was a suit according to the ordinary course of equity practice and procedure, and not a technical appeal from the Patent Office, confined to the case as made in the record of that office, yet that the requirement of section 4894 that the application should be regarded as abandoned if the applicant failed to prosecute the same within two years after any action therein, of which notice should have been given him, unless it were " shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable," was applicable, and that the court could not adjudge that the applicant was entitled, "according to law, to receive a patent," unless he showed to the satisfaction of the court that the delay of two years " was unavoidable, under an allegation to that effect in the bill." It was held that the bill in equity was *sub modo* a branch of the application for the patent, and was governed by the rule as to laches and delay declared by section 4894. But this had nothing to do with the time within which an appeal from the Commis-

sioner of Patents must be taken, but merely decided that a bill in equity under section 4915 would be defeated where the application had been abandoned in the Patent Office under section 4894.

The bill in equity provided for by section 4915 is wholly different from the proceeding by appeal from the decision of the Commissioner under consideration in this case. The one is in the exercise of original, the other, of appellate, jurisdiction.

The court under section 4914, on petition, is to hear and determine the appeal and to revise the decision appealed from in a summary way "upon the evidence produced before the Commissioner, at such early and convenient time as the court may appoint; and the revision shall be confined to the points set forth in the reasons of appeal."

Section 4915 provides, as to the remedy by bill in equity, that "the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention as specified in his claim, or for any part thereof, as the facts in the case may appear."

In *Butterworth* v. *Hoe*, 112 U. S. 50, 61, this court distinguished the proceeding by bill in equity under section 4915 from an appeal under section 4911, and said: "This means a proceeding in a court of the United States having original equity jurisdiction under the patent laws, according to the ordinary course of equity practice and precedure. It is not a technical appeal from the Patent Office, like that authorized in § 4911, confined to the case as made in the record of that office, but is prepared and heard upon all competent evidence adduced and upon the whole merits."

This being so, § 4894 was inapplicable, and the power of the Court of Appeals to limit the time of appeal was not affected thereby.

*Writ denied.*