<hr />

### DOVER et al. v. GREENWOOD et al.

#### (Circuit Court, D. Rhode Island. January 30, 1906.)

#### No. 2,664.

1. PATENTS—RIGHT TO OBTAIN BY BILL IN EQUITY—CONSTRUCTION OF STATUTE.

Act Feb. 9, 1893, c. 74, § 9, 27 Stat. 436 [U. S. Comp. St. 1901, p. 3391], creating a Court of Appeals for the District of Columbia, which vests in such court jurisdiction of appeals from the decisions of the Commissioner of Patents theretofore vested in the Supreme Court of the District, and also gives a right of appeal to such court in interference cases, does not by implication repeal Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], giving an applicant for a patent whose application is refused a right to obtain a patent by a bill in equity.

2. SAME—RES JUDICATA.

The decision of the Court of Appeals of the District of Columbia on an appeal from the Commissioner of Patents, taken under Act Feb. 9, 1893, c. 74, 27 Stat. 436 [U. S. Comp. St. 1901, p. 3391] does not constitute an adjudication which precludes the maintenance of a suit in equity by one of the parties against the other to obtain a patent, under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392.]

Demurrer to Bill of Complaint.

Alex. P. Browne and Horatio E. Bellows, for complainant.
Wilmarth H. Thurston, for defendant.

BROWN, District Judge. The bill is brought under section 4915 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3392].

It sets forth proceedings in the Patent Office upon an interference between Dover and Greenwood, an appeal to the Court of Appeals for the District of Columbia, a reversal by said court of the decision of the commissioner, an award of priority to Greenwood, and the issue of letters patent to Greenwood's assignees, D. M. and F. H. Watkins, on June 28, 1904.

It prays that this court may decree that George W. Dover, as assignor, and the George W. Dover Company, as assignee, are entitled to receive letters patent for the invention, as specified in the claim of Dover's application, and for other relief.

The defendant, on demurrer, contends that section 4915 is repealed by section 9 of the Act of February 9, 1893, c. 74, creating the Court of Appeals of the District of Columbia, 27 Stat. 436 [U. S. Comp. St. 1901, p. 3391]. The later act repeals in general terms all acts and parts of acts inconsistent therewith, but contains no express repeal of section 4915.

The defendant urges that the later act is inconsistent with the former. This question was before the court in Bernardin v. Northall (C. C.) 77 Fed. 849, where it was held that there was no such irreconcilable conflict as to work an implied repeal. This decision was followed with approval in McKnight v. Metal Volatilization Co. (C. C.) 128 Fed. 51.

It is evident that, in both cases, the learned judges applied the correct rule of construction, and gave proper effect to both statutes. Reading the statutes together, we find that the determination of appeals, formerly vested in the Supreme Court of the District of Columbia, was thereafter vested in the Court of Appeals for the District of Columbia. The jurisdiction was transferred without change to the new court. It is very clear that the effect was merely to substitute one court for another, and there is no plausibility in the argument that it was thereby intended to destroy the jurisdiction of the Circuit Courts over bills in equity brought under section 4915.

The later statute provided, however, that:

"In addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case, may appeal therefrom to said court of appeals."

It is very clear that this additional remedy by way of appeal was not a substitute for the older remedy by bill in equity.

"The bill in equity provided for by section 4915 is wholly different from the proceeding by appeal from the decision of the commissioner under consideration in this case. The one is the exercise of original, the other of appellate, jurisdiction." Ex parte Hien, 166 U. S. 432, 17 Sup. Ct. 624, 41 L. Ed. 1066.

It is quite true that since the passage of the act establishing the Court of Appeals of the District of Columbia, a patent can be no longer "refused" by the Supreme Court of the District of Columbia, and it may possibly be true that a patent cannot be "refused" by the Commissioner of Patents in the sense of the former act; but it is nevertheless apparent that the change of the tribunal which is to entertain the final appeal was not intended to change the nature of the appeal. The old appeal was transferred to a new court, and a new appeal given to the new court in interference cases.

The merely verbal difficulty which arises upon the precise terms of section 4915, after the passage of the later act, is obviated by the rule of construction which requires that both acts be read together, and reconciled, if possible. It has been the consistent purpose of Congress for many years to provide both appeals, limited to the consideration of the "evidence produced before the Commissioner" (section 4914) and original and independent jurisdiction in equity (section 4915). To prefer a construction that destroys entirely an original

and independent jurisdiction in equity, exercised by the Circuit Courts throughout the country, to a construction which preserves this jurisdiction and also the appellate jurisdiction, would require strong reasons.

If there is a repugnancy between independent parts of the two acts, the later supersedes only so much of the former as cannot stand with it.

Apply this rule to section 4915: "Whenever a patent on application is refused"—this needs no modification. The following clause is a subordinate clause specifying the two ways in which an application is refused: "Either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner." Substitute the new way in which an application is refused, i. e., "by the Court of Appeals of the District of Columbia," and the act is changed only by substituting the new instrument, which makes final action or refusal on appeal, for the old. The scheme of the act remains untouched. There is obviously no conflict between the general scheme of the old act and the new act. The conflict is only between the new act and a clause of the old act specifying certain particulars. The new particulars can be substituted for the old without affecting the general clause, "Whenever a patent on application is refused," which precedes, and the general clause, "the applicant may have remedy by bill in equity," which follows. It is clear, therefore, that there is no irreconcilable inconsistency between the two acts.

It is argued that it was the intention of Congress to substitute an appeal for the bill in equity under section 4915, because there would exist the anomaly of a court of lower jurisdiction, i. e., the Circuit Court, having the right to review the judgment of the Court of Appeals. But this fails to recognize the fact that the Circuit Court does not act as a court of review, but as a court of original and independent judisdiction.

It is urged that the addition of the new appeal in interference cases would increase the burden and expense of litigants. It is very clear, however, that a repeal of original jurisdiction cannot be inferred from the addition of appellate rights. Especially is this true in view of the numerous decisions clearly distinguishing between the appellate jurisdiction and the jurisdiction under section 4915.

The defendants also contend that the decision of the Circuit Court of Appeals constitutes res adjudicata, and precludes the complainants from maintaining their present bill. This point is satisfactorily disposed of in Bernardin v. Northall (C. C.) 77 Fed. 849.

The demurrer will be overruled.