### DOVER et al. v. GREENWOOD et al.

(Circuit Court, D. Rhode Island. July 1, 1907.)

#### No. 2,664.

PATENTS—SUIT TO OBTAIN PATENT—EVIDENCE.

A suit brought under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], to obtain the issuance of a patent, is not revisory, but an original suit in equity; and testimony taken in interference proceedings before the Patent Office, although between the same parties, is incompetent and inadmissible, unless a foundation is laid for its introduction as secondary evidence.

In Equity. On defendants' motion that the interference record be made a part of the record in the case.

For former opinion, see 143 Fed. 136.

Alexander P. Browne and Horatio E. Bellows, for complainants.
Wilmarth H. Thurston and James H. Thurston, for defendants.

BROWN, District Judge. The bill in equity is brought under section 4915 of the Revised Statutes [U. S. Comp. St. 1901, p. 3392], and prays that this court may decree that the complainants are entitled to letters patent. The case has been before this court on demurrer to the bill. Dover v. Greenwood (C. C.) 143 Fed. 136. The defendants now move that an order be entered directing that the record and evidence in interference proceedings shall be made a part of the record and evidence in this case.

It is alleged that the interference proceedings involved the same issue as the present case, viz., the issue of priority of invention between Dover and Greenwood. The purpose of this motion, made during the taking of defendants' proofs and in consequence of objection,

is "that the defendants may be advised whether it will be necessary for them to retake for the purposes of this case the testimony of witnesses already fully taken in said interference case." No controversy arises over the materiality of such portions of the interference record as are relevant for the purpose of proving admissions or for the purpose of cross-examination. The defendants apparently desire to avoid the necessity of compliance with the equity rules which govern the taking of testimony, in order to save the production of witnesses in the present case.

Testimony given orally or by deposition in another case is secondary evidence, which is admissible when the viva voce testimony or examination of the deponent is not attainable. Weeks on Law of Depositions, § 6. Speaking of evidence at law Mr. Wigmore says, in his work on Evidence (volume 2, § 1402):

"The principle upon which depositions and former testimony should be resorted to is the simple principle of necessity; i. e., the absence of any other means of utilizing the witness' knowledge."

See, also, sections 1414, 1415.

In Rutherford v. Geddes, 4 Wall. 220, 18 L. Ed. 343, in an admiralty appeal, it seems to have been held that depositions cannot be read in admiralty, any more than at common law, without some sufficient reason being shown why the witness was not produced at the hearing. In Stein v. Bowman, 13 Pet. 209, 223, 10 L. Ed. 129, it was held that the depositions were secondary evidence, not admissible without proof of diligence in endeavoring to procure the attendance of the witness. In Tappan v. Beardsley, 10 Wall. 427, 435, 19 L. Ed. 974, it was said:

"As to Taylor's deposition. the fact that he was a competent witness in the present suit, and could have been used by the plaintiff as such, is sufficient to exclude his deposition taken in another suit, even if Tappan had been a party to that suit."

In Weeks on the Law of Depositions it is stated that the rule concerning the subject is the same at law and in equity. See Taylor on Evidence, §§ 464, 472 et seq., 1576, 1577.

In Ecaubert v. Appleton, 67 Fed. 917, 924, 15 C. C. A. 73, the Circuit Court of Appeals for the Second Circuit said:

"The printed copy of the testimony in the interference proceedings before the Patent Office was properly objected to upon the grounds of irrelevancy. This suit is an independent one, although between the same parties as in the Patent Office proceeding. The testimony of the various witnesses was not offered because they were dead, or unavoidably absent; but the whole volume containing the testimony of the witnesses who had also been examined in this suit was presented, as if it was admissible in bulk."

The complainants also cite In re Squire, 3 Banning & Arden, 133; Clow v. Baker (C. C.) 36 Fed. 692; Stonemetz v. Brown Co. (C. C.) 57 Fed. 601.

The Supreme Court (In re Hien, Petitioner, 166 U. S. 432, 17 Sup. Ct. 624, 41 L. Ed. 1066) points out clearly the difference between the bill in equity provided for by section 4915 and the revisory proceedings under section 4914. The present bill being an original bill, the

competency of evidence must be determined according to the principles of equity jurisprudence, which cannot be altered or enlarged by the vague suggestion that this is a bill in the nature of a bill to set aside a judgment, if by that expression is meant a bill for the reconsideration of the sufficiency of the grounds upon which that judgment was rendered. Such is clearly not the nature of the present bill, since full revisory proceedings have been provided for by section 4914. It would be very evident, even if it had not already been decided by the Supreme Court, that the present bill, under section 4915, is not of that character.

While it is true that in Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657, it was held that the decision of the Patent Office must be accepted as controlling, unless the contrary is established by testimony which in character and amount carries thorough conviction, it is clear that the question of the defendants' rights is to be determined, not by a comparison of the record in the present case with that of the interference case, but upon the merits of the case tried according to the principles and procedure of a court of equity. The stipulation between the parties does not, in my opinion, waive objections to the competency and probative force of testimony taken in the interference proceedings, but simply makes a certified copy of the same force as evidence as the original.

I have examined the case of Davis et al. v. Garrett (C. C.) 152 Fed. 723, which does not involve the question presented by the defendants' motion. The question of the right of the defendant to prove his case by secondary evidence was not raised or considered. While this motion might have been dismissed upon the ground that the court should not, at this stage of the case, pass upon the sufficiency of the defendants' evidence or give an advisory opinion as to the mode of proof, I have thought that it might be useful to point out the serious objections which proof of this character would be subject to upon final hearing.

Motion denied.