**WETTLAUFER et al. v. ROBINS et al.***
**No. 31.**

Circuit Court of Appeals, Second Circuit.

Nov. 8, 1937.

*Writ of certiorari denied 58 S.Ct. 477, 82 L.Ed. ——.

**574**

Horace B. Fay, of Cleveland, Ohio, John S. Powers, of Buffalo, N. Y., and Cooper, Kerr & Dunham, of New York City, for plaintiffs-appellants.

Stephen H. Philbin, of New York City, for defendants-appellants.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In an interference proceeding in the Patent Office between Wettlaufer, one of the plaintiffs, and Robins, one of the defendants, priority of invention was awarded by the Examiner of Interferences to Robins, to whom patent No. 1,693,940 had been issued on December 4, 1928. On appeal by Wettlaufer the Board of Appeals reversed the decision of the Examiner.

Robins then appealed to the Court of Customs and Patent Appeals which reversed the decision of the Board and reinstated Robins' priority. Robins v. Wettlaufer (Cust. & Pat. App.) 81 F.(2d) 882. Immediately thereafter, the plaintiffs filed their bill under Rev.St. § 4915, as amended (35 U.S.C.A. § 63), to obtain a decree canceling the patent issued to Robins and directing the Commissioner to issue a patent on Wettlaufer's application. The defendants filed their answer and counterclaim, charging infringement by the plaintiffs of the Robins patent. On the defendants' motion, the complaint was dismissed on the ground that it did not state a cause of action under section 63 of title 35, U.S.C.A.; and from such decree of dismissal the plaintiffs have appealed. The defendants moved for an interlocutory decree upon their counterclaim, infringement being admitted, and they have appealed from an order denying their motion on the ground that all proceedings on the counterclaim should be suspended pending determination of the plaintiffs' appeal. The two appeals are here together.

The plaintiffs' appeal raises an interesting and novel question as to the meaning of section 63, 35 U.S.C.A., and its applicability to the facts alleged in the bill of complaint. The specific question is whether in an applicant-patentee interference an applicant who was successful before the Board of Appeals, but unsuccessful before the Court of Customs and Patent Appeals, to which the patentee-interferant appealed, may bring suit under Rev.St. § 4915, as amended (35 U.S.C.A. § 63), to litigate again the question of priority.

It is conceded that, prior to its amendment in 1927, section 4915 would have given the plaintiffs their remedy by suit in equity, despite the adverse decision on appeal from the Board of Appeals; but the defendants contend that the amendment precludes suit after the question of priority was decided by the Court of Customs and Patent Appeals. The District Court so held. The material portion of the section as amended (35 U.S.C.A. § 63) reads as follows:

"§ 63. *Bill in equity to obtain patent.* Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and

Patent Appeals,[1] and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity."

Literally the words of the "unless" clause would seem to include a decision on appeal, regardless of which party took the appeal, but the plaintiffs persuasively argue that they should be construed to refer only to an appeal by an applicant unsuccessful before the Board of Appeals, and not to an appeal by a patentee-interferant defeated before the Board. In view of the long history of the remedy under section 4915 and the purpose of the 1927 amendments to this and other cognate sections of the statutes, we are of opinion that the construction for which the plaintiffs contend must be adopted.

The origin of section 4915 goes back to section 16, Act of July 4, 1836 (5 Stat. 123). This gave a remedy by bill in equity "whenever a patent on application shall have been refused on an adverse decision of a board of examiners, on the ground that the patent applied for would interfere with an unexpired patent previously granted." By section 52 of the Act of July 8, 1870 (16 Stat. 205), the remedy was made available "whenever a patent on application is refused, for any reason whatever, either by the commissioner or by the supreme court of the District of Columbia upon appeal from the commissioner." But an appeal to the Supreme Court of the District was allowed only in ex parte cases; interference cases were excluded. Rev.St. § 4911 (35 U.S.C.A. § 59a note). Section 9 of the Act of February 9, 1893 (27 Stat. 436), transferred from the Supreme Court of the District of Columbia to the Court of Appeals of the District jurisdiction of appeals from decisions of the Commissioner of Patents, and granted such an appeal in interference cases. However, that court's decision of such an appeal was held not to preclude a suit under section 4915. Dover v. Greenwood, 143 F. 136 (C.C.R.I.); Bernardin v. Northall, 77 F. 849, 851 (C.C. Ind.). Thus, for many years, it had been the policy of Congress to permit an applicant who was refused a patent by the departmental tribunals of the Patent Office—and even after review by the Court of Appeals of the District of Columbia—to have his asserted property right to the invention determined de novo by a court of original jurisdiction. Similar protection is extended by Rev.St. § 4918 (35 U.S.C.A. § 66), whenever there are interfering patents. As this court said in Syracuse Washing Mach. Corp. v. Vieau, 72 F.(2d) 410, 411, the amendments of 1927 must be construed in the light of this historical background.

The purpose of the amendments was to reduce the number of appeals in the Patent Office (35 U.S.C.A. § 7), to require a defeated applicant to elect between appealing to the Court of Appeals of the District of Columbia and suing under section 4915 as amended (35 U.S.C.A. § 63), and, when an applicant in an interference appealed from the Board of Appeals, to permit his adversary to have the appeal dismissed and further proceedings conducted by bill in equity (35 U.S.C.A. § 59a).[2] Thus no refused applicant was to be deprived of his

---

[1] As originally enacted the appeal from the Board of Appeals was to the Court of Appeals of the District of Columbia. 44 Stat. 1336. By the Act of March 2, 1929, the jurisdiction vested in the Court of Appeals of the District of Columbia in respect of appeals from the Patent Office in patent and trade-mark cases was transferred to the United States Court of Customs and Patent Appeals (45 Stat. 1476, § 2(b) (35 U.S.C.A. § 63).

[2] Section 59a reads as follows:

"If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 of this title. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63, in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63."

right to sue in equity after an adverse decision by the Board of Appeals, except by his own election to appeal to the Court of Appeals of the District of Columbia, or, if such appeal was dismissed at the instance of his adversary, by his own failure to file his bill within 30 days thereafter. In Bakelite Corp. v. National Aniline & Chemical Co., 83 F.(2d) 176, 177, we said that the statute, as it now reads, means to give alternative remedies to an applicant to whom a patent has been refused. Such was the intent of the legislation as explained in the report of the legislative committee of the House (H.R.Report No. 1889, 69th Cong., 2nd Sess.), where it was stated that "under the proposed procedure the defeated party has all the rights and remedies that he had under the old procedure. * * *" See, also, the report of the Senate Committee. Sen.Report No. 1313, 69th Cong., 2d Sess. In the case of an applicant-patentee interference, if the applicant is successful before the Board of Appeals, he cannot appeal to the Court of Patent Appeals; nor, if the patentee-interferant appeals, can the applicant elect to have the appeal dismissed and require the appellant to proceed by bill in equity. Farmer v. Schweyer, 58 F.(2d) 1056 (Cust. & Pat. App.); Bloodhart v. Levernier, 64 F.(2d) 367 (Cust. & Pat. App.). This is necessarily so because the remedy provided by section 63, namely, judgment that the plaintiff is entitled to receive a patent, is not appropriate or available to an interferant to whom a patent has already been issued. MacGregor v. Chesterfield, 31 F.(2d) 791 (D.C.Mich.); Heidbrink v. McKesson, 53 F.(2d) 321, 322 (C.C.A.6). Furthermore, there could be no refusal by the Commissioner of a patent on Wettlaufer's application until the decision of the Court of Customs and Patent Appeals in favor of Robins. Had that decision been in favor of Wettlaufer, a patent would have been issued to him and the question of priority between the two patentees could have been litigated de novo under section 66. Since the decision was in favor of Robins, the Commissioner's action on Wettlaufer's application was thereafter controlled by it (section 62). It was then that a patent on application was refused and Wettlaufer's right to a remedy by bill in equity arose. We can find nothing in section 59a or section 63, when construed in the light of their purpose, which destroys that remedy. We conclude, therefore, that the appeal referred to in section 63 is an appeal by a defeated applicant, not an appeal by a patentee-interferant. Accordingly, the decree dismissing the complaint must be reversed.

It is unnecessary to consider the defendants' appeal from the order refusing an interlocutory decree on the counterclaim, for they concede that their appeal cannot succeed if the question of priority of invention is still open in the plaintiffs' suit under section 63. We have held that it is.

On the plaintiffs' appeal, decree reversed; on the defendants' appeal, order affirmed.