**FOLEY v. DAVOL RUBBER CO.**

No. 95.

District Court, D. Rhode Island.

July 23, 1941.

Edward Winsor (of Edwards & Angell), of Providence, R. I., and John Vaughan Groner (of Fish, Richardson & Neave), of New York, N. Y., for plaintiff.

Nathaniel Frucht, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on defendant's motions (1) for a bill of particulars and (2) to dismiss the complaint of the plaintiff, a dissatisfied applicant for a patent.

The action was brought to secure the issuance of a patent under the Patent Laws of the United States, Revised Statutes, § 4915, 35 U.S.C.A. § 63. The plaintiff contends that the refusal of the Commissioner of Patents to grant the patent in question to plaintiff was erroneous.

The plaintiff seeks a decree authorizing the Commissioner of Patents to issue a patent to the plaintiff.

The complaint alleges that the plaintiff is a citizen and resident of the State of Minnesota and is the sole owner of all right, title and interest in and to a certain Foley application for United States Letters Patent, Serial No. 103,476; that the defendant is assignee and sole owner of all right, title and interest in and to certain United States Letters Patent to Raiche, No. 2,043,630, which are involved in an interference with said Foley application; that prior to October 1, 1936, the plaintiff was the true, original and first inventor of certain new and useful improvements in "Method of making rubber articles", and on that date said Foley filed in the United States Patent Office a proper application (Serial No. 103,476) for Letters Patent for said invention; that on or about November 4, 1936, the Commissioner of Patents adjudged that the invention described and claimed in said application for Letters Patent interfered in part with certain Letters Patent No. 2,043,630, granted June 9, 1936 to one Paul A. Raiche. The subject matter of said interference, No. 73,488 was defined in seven counts, which correspond in all respects to claims 5–11 of the Foley application, and to claims 5–11 of the Raiche patent.

The complaint further alleges that proofs were duly presented before the Examiner of Interferences on behalf of Foley and Raiche, respectively, upon the issue of priority of invention of the improvements constituting the subject matter of the interference, and said Examiner of Interferences on March 30, 1938, handed down a decision awarding priority of all counts to Raiche; that Foley appealed from said decision to the Board of Appeals which on or about January 20, 1939, entered a decision reversing the Examiner of Interferences and awarding priority of invention of all

counts to Foley; that Raiche appealed to the United States Court of Customs and Patent Appeals, and on July 8, 1940, that court handed down a decision reversing the Board of Appeals and awarded priority of invention of all counts to Raiche. Raiche v. Foley, Cust.&Pat.App., 113 F.2d 497. A petition filed by Foley for rehearing was denied September 30, 1940.

This complaint was filed in this court on December 27, 1940.

The defendant's motion to dismiss sets forth the following grounds: (1) The Court has no jurisdiction over the subject matter; (2) The plaintiff has failed to state a claim upon which relief can be granted; (3) The plaintiff has failed to state facts sufficient to constitute a cause of action.

R.S. 4915, 35 U.S.C.A. § 63: "Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal or decision. * * *"

In the case of Wettlaufer v. Robins, 2 Cir., 92 F.2d 573, certiorari denied, 302 U.S. 766, 58 S.Ct. 477, 82 L.Ed. 594, the applicant filed his bill under Section 4915, R.S., and in that case, as in the instant case, the matter came before the court on the patentee's motion to dismiss. The Circuit Court of Appeals reversed the District Court which had granted the defendant's motion to dismiss, and after outlining the history of the sections and the policy of the Congress, as disclosed therein, said at page 575 of 92 F.2d: "Thus no refused applicant was to be deprived of his right to sue in equity after an adverse decision by the Board of Appeals, except by his own election to appeal * * *."

At page 576 of 92 F.2d the court further said: "It was then that a patent on application was refused and Wettlaufer's right to a remedy by bill in equity arose. We can find nothing in section 59a or section 63, when construed in the light of their purpose, which destroys that remedy. We conclude, therefore, that the appeal referred to in section 63 is an appeal by a defeated applicant, not an appeal by a patentee-interferant."

I feel that the opinion of the Circuit Court of Appeals in the case of Wettlaufer v. Robins, supra, should be followed by this court, especially in view of the fact that the Supreme Court denied the petition for writ of certiorari to the Circuit Court of Appeals for the Second Circuit.

The motion for a bill of particulars contains nine requests among which the plaintiff is asked to state whether he or others manufacture articles embodying the invention; the relationship, if any existing between the plaintiff and others with respect to the invention; copies of all correspondence and agreements relating to financial and licensing arrangements between the plaintiff and any party in interest.

Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following 723c, provides in part as follows: "Motion for More Definite Statement or for Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. * * * A bill of particulars becomes a part of the pleading which it supplements."

In American La France-Foamite Corp. v. American Oil Co., D.C., 25 F.Supp. 386, 387, the court said: "There should be a marked difference between information that can be elicited under a bill of particulars and that which may be elicited through interrogatories. The latter, under the new rules, is very broad. The former should be limited to such information as would be necessary for the defendant to prepare its pleadings, and generally prepare for trial."

In Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co., D.C., 25 F. Supp. 598, 599, the court said: " * * * One way of obtaining proof before trial is through interrogatories but never through a bill of particulars. * * * To construe Rule 12(e) so as to destroy the fundamental distinction between pleading and proof has never been suggested or intimated by any commentator. * * *"

In United States v. Schine Chain Theatres, D. C., 1 F.R.D. 205, 207, the court said: "Rule 12(e) has been considered by the courts many times. This has resulted largely because of the provision that the motion may be made to enable the party 'to prepare for trial.' Standing alone, the meaning is not clear and is susceptible of the interpretation that it permits a broad examination as to the facts, on the theory that it is necessary in order to prepare for the actual trial of a suit. Doubtless this interpretation has been sought in many instances for different reasons. Since the bill of particulars becomes a part of the pleading, such examination necessarily limits an opponent in his proof. Again, after a bill had been furnished, a party may apply for a discovery covering largely, perhaps, the same ground, but from another viewpoint. Unnecessary delay and confusion in the trial would result. Duplication of proceedings is not in harmony with the new rules. However, when 12(e) is considered in connection with the provisions for discovery and interrogatories, it seems plain that the intent of the draftsmen was that the words 'to prepare for trial' relate only to matters necessary to be known to a party to put his pleading in such shape that all the issues might understandingly be met. The two provisions of the rule are to be read with substantially equal effect. The bill of particulars was not intended to take the old meaning and have the old use of the former bill of particulars. Considering the discovery and interrogatory provision, this would have been a clear duplication. * * *"

See Hughes Federal Practice, Vol. 17, § 20400, p. 464: "Where the pleading is sufficiently definite to enable the adverse party to understand the nature and extent of the charges against him and to enable him to prepare generally for trial, if he wishes to secure more detailed information as to how the pleading party intends to prove his allegations he should not be permitted to utilize the motion for a more definite statement and bill of particulars, but should be compelled to look to the procedure for discovery under the new rules, which provide for obtaining such details."

■ The complaint is sufficiently definite for the defendant to prepare for trial.

The defendant's motions are denied.